HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

MICHAEL E. GATES
Deputy Assistant Attorney General
Civil Rights Division

MAUREEN S. RIORDAN
Acting Chief, Voting Section
Civil Rights Division

TIMOTHY F. MELLETT
ERIC V. NEFF
Trial Attorneys, Voting Section
Civil Rights Division

JOHN A. SARCONE III
Acting United States Attorney
Northern District of New York

*Attorneys for the United States*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF ELECTIONS OF THE STATE OF NEW YORK, KRISTEN ZEBROWSKI STAVISKY, in her official capacity as Co-Executive Director of the Board of Elections of the State of New York, RAYMOND RILEY, III, in his official capacity as Co-Executive Director of the Board of Elections of the State of New York, PETER KOSINSKI, in his official capacity as Commissioner of the Board of Elections of the State of New York, HENRY BERGER, in his official capacity as Commissioner of the Board of Elections of the State of New York, ANTHONY CASALE, in his official capacity as Commissioner of the Board of Elections of the State of New York, ESSMA BAGNUOLA, in her official capacity as Commissioner of the Board of Elections of the State of New York, and the STATE OF NEW YORK, <br><br> Defendants. | No. 1:25-CV-1338 (MAD/PJE) <br><br><br> **COMPLAINT FOR DECLARATORY AND INJUCTIVE RELIEF** |

### I.   INTRODUCTION

As President Trump said earlier this year, "[f]ree, fair, and honest elections unmarred by fraud, errors, or suspicion are fundamental to maintaining our constitutional Republic." Exec. Order No. 14248, 90 Fed. Reg. 14005 (Mar. 25, 2025). Indeed, "[t]he right of American citizens

2

to have their votes properly counted and tabulated, without illegal dilution, is vital to determining the rightful winner of an election." *Id*. Under our Constitution, States "must safeguard American elections in compliance with Federal laws that protect Americans' voting rights and guard against dilution by illegal voting, discrimination, fraud, and other forms of malfeasance and error." *Id*. Without such safeguards, "[v]oter fraud drives honest citizens out of the democratic process and breeds distrust of our government." *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006). And "[v]oters who fear their legitimate votes will be outweighed by fraudulent ones will feel disenfranchised." *Id*.

Federal law authorizes the Attorney General to seek declaratory and injunctive relief to enforce the statutory requirement that all states maintain "accurate and current voter registration rolls for elections for Federal office" and remove "ineligible voters from the official lists of eligible voters[.]" 52 U.S.C. §§ 20510(a), 20507(b), 20507(a)(4). The Civil Rights Division of the Department of Justice is tasked by Congress with carrying out the Attorney General's duties that States conduct voter registration list maintenance to prevent the inclusion of ineligible voters of any type on any state's voter registration list. In accordance with those duties, Plaintiff United States of America ("United States") brings this action against The New York State Board of Elections; Kristen Zebrowski Stavisky, in her official capacity as Co-Executive Director of the Board of Elections of the State of New York; Raymond Riley, III, in his official capacity as Co-Executive Director of the Board of Elections of the State of New York; Peter Kosinski, in his official capacity as Commissioner of the Board of Elections of the State of New York; Henry Berger, in his official capacity as Commissioner of the Board of Elections of the State of New York; Anthony Casale, in his official capacity as Commissioner of the Board of Elections of the

State of New York; Essma Bagnuola, in her official capacity as Commissioner of the Board of Elections of the State of New York; and the State of New York.

1.	The United States brings this action to enforce provisions of Title III of the Civil Rights Act of 1960 ("CRA"), 52 U.S.C. § 20701 *et seq.*; the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501 *et seq.*; and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901 *et seq.*

2.	Defendants have failed to comply with the important mandates of the CRA, NVRA and HAVA by refusing to provide necessary information to enable the United States to assess its compliance with federal law.

3.	Title III of the Civil Rights Act of 1960 ("CRA"), is codified at 52 U.S.C. § 20701, *et seq*. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of 22 months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

4.	Section 303 of the CRA provides, in pertinent part, as follows: "Any record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…" 52 U.S.C. § 20703.

5.	One purpose of the NVRA is to "protect the integrity of the electoral process" and "ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b)(3)-(4). Consistent with these purposes, the NVRA requires each state to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of

eligible voters by reason of "the death of a registrant or a change in residence of the registrant." *Id.* § 20507(a)(4)(A)-(B).

6. Similarly, HAVA requires the appropriate state or local election official to perform list maintenance with respect to the centralized, computerized statewide voter registration list required under HAVA "on a regular basis[.]" 52 U.S.C. § 21083(a)(1)-(2). HAVA also requires that states have "[a] system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters[,]" with "[s]afeguards to ensure that eligible voters are not removed in error from the official list of eligible voters." *Id.* § 21083(a)(4)(A)-(B).

7. The United States brings this action pursuant to its authority under the CRA, NVRA, and HAVA to compel the State of New York, State Elections Board Director Raymond Riley III, and Co-Director Kristen Zebrowski Stavisky, to provide all fields of New York's State Voter Registration List ("SVRL"), including the HAVA-required identifiers — each registrant's driver's license number or the last four of their Social Security number. *See* 52 U.S.C. § 21083(a)(5)(A)(i). This requested information will allow the Attorney General to fulfill its duties of effectively assessing Defendants' compliance with the requirements of the NVRA and HAVA.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. §§ 20510(a) 20705, and 21111.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendants are located in and conduct election administration activities in this District.

//

//

### III.    PARTIES

10.    Plaintiff United States, through the Attorney General, has authority to enforce the CRA, NVRA, and HAVA.  Pursuant to the CRA, 52 U.S.C. § 20705, the Attorney General may compel states to produce certain records and papers relating to the administration of federal elections.  Both the NVRA and HAVA authorize the Attorney General to bring a civil action in an appropriate district court for such declaratory and injunctive relief as are necessary to carry out the relevant requirements under the statute. 52 U.S.C. §§ 20510(a) and 21111.

11.    Defendant Board of Elections of the State of New York is the government agency managing the elections of a state of the United States of America and therefore is subject to the requirements of the CRA, NVRA, and HAVA. 52 U.S.C. §§ 20701, 20502(4), 20503, and 21141; N.Y Elec. Law § 3-100.

12.    Defendant Co-Executive Director of the New York State Board of Elections Kristen Zebrowski Stavisky is sued in her official capacity only, as a chief state election official responsible for coordinating New York's responsibilities under federal law. *See* 52 U.S.C. § 20509; N.Y Elec. Law § 3-100.

13.    Defendant Co-Executive Director of the New York State Board of Elections Raymond Riley III, is sued in his official capacity only, as a chief state election official responsible for coordinating New York's responsibilities under federal law. *Id.*

14.    Defendant Commissioner of the New York State Board of Elections Peter Kosinski is sued in his official capacity only, as a chief state election official responsible for coordinating New York's responsibilities under federal law. *Id.*

15. Defendant Commissioner of the New York State Board of Elections Henry Berger is sued in his official capacity only, as a chief state election official responsible for coordinating New York's responsibilities under federal law. *Id.*

16. Defendant Commissioner of the New York State Board of Elections Anthony Casale is sued in his official capacity only, as a chief state election official responsible for coordinating New York's responsibilities under federal law. *Id.*

17. Defendant Commissioner of the New York State Board of Elections Essma Bagnuola is sued in her official capacity only, as a chief state election official responsible for coordinating New York's responsibilities under federal law. *Id.*

18. Defendant New York is a state within the United States and as such is subject to the CRA, NVRA and HAVA. 52 U.S.C. §§ 20701, 20502(4), 20503, and 21141

## IV. STATUTORY BACKGROUND

**A.   The Civil Rights Act of 1960**

19. Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701 *et seq.*

20. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

21. Section 303 of the CRA provides, in pertinent part, "Any record or paper required by Section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the

principal office of such custodian by the Attorney General or his representative….” 52 U.S.C. § 20703.

**B.     The National Voter Registration Act**

22.     The NVRA was enacted "to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office "while "ensur[ing] that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b)(1), (4).

23.     Section 8 of the NVRA establishes requirements for the administration of voter registration for elections for federal office in covered states, including New York. Section 8(a)(4) requires each state to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. §§ 20507(a)(4)(A)-(B).

24.     Subsections (b), (c), and (d) set forth procedures for the removal of ineligible voters from official lists of voters as part of a state's "program or activity to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter registration roll for elections for Federal office[.]" *Id.* § 20507(b).

25.     State voter list maintenance programs must be "uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965 (42 U.S.C. 1973, *et seq.*)[.]" 52 U.S.C. § 20507(b)(1); *see also* S. Rep. No. 103-6 at 31 (Feb. 25, 1993) ("The term 'uniform' is intended to mean that any purge program or activity must be applied to an entire jurisdiction."); *accord* H.R. Rep. No. 103-9 at 15 (Feb. 2, 1993) (same).

26. Section 8(d) of the NVRA provides that a "[s]tate shall not remove the name of a registrant from the official list of eligible voters in elections for Federal office on the ground that the registrant has changed residence," unless the registrant:

(A) confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered; or

(B) has failed to respond to a [Confirmation Notice] and has not voted or appeared to vote . . . in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice. 52 U.S.C. § 20507(d)(1).

27. Section 8(d)(2) sets forth specific requirements for the Confirmation Notice to be sent to registrants, and Section 8(d)(3) provides that a "voting registrar shall correct an official list of eligible voters in elections for Federal office in accordance with change of residence information obtained in conformance with [subsection 8(d)]." *Id.* §§ 20507(d)(2)-(3).

28. Section 8 of the NVRA also provides an example of a list maintenance program that constitutes a reasonable effort to remove registrants who have become ineligible due to a change of residence. 52 U.S.C. § 20507(c)(1). Under this program, a state uses information from the United States Postal Service National Change of Address ("NCOA") program to identify registrants who may have changed residence. *Id.* § 20507(c)(1)(A). Where it appears from the NCOA information that a registrant has moved to a new address in the same jurisdiction, the registration record is updated to show the new address and the registrant is sent a notice of the change by forwardable mail that includes a postage-prepaid, pre-addressed return form by which the registrant may verify or correct the address information. *Id.* § 20507(c)(1)(B)(i). Where it appears from the NCOA information that a registrant has moved to a new address in a different

jurisdiction, the procedure set out in Section 8(d), described above, is used to confirm the address change. *Id.* § 20507(c)(1)(B)(ii).

29. Section 8(i)(1) of the NVRA provides as follows:

"Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered." 52 U.S.C. § 20507(i)(1).

30. Section 8(i)(2) of the NVRA further specifies as follows:

"The records maintained pursuant to paragraph (1) include lists of the names and addresses of all persons to whom notices described in subsection (d)(2) are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the records is made." 52 U.S.C. § 20507(i)(2).

31. Section 10 of the NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509.

C. **The Help America Vote Act**

32. The purpose of HAVA "can be stated very simply—it is to improve our country's election system." H.R. Rep. 107-329(I) at 31 (2001). "Historically, elections in this country have been administered at the state and local level[,]" but Congress found that "the federal government can play a valuable [role] by assisting state and local government in modernizing their election systems." *Id.* at 31-32.

33. HAVA imposes "minimum requirements" for the conduct of federal elections, which "allow the states to develop their own laws and procedures to fulfill the requirements" to the extent that they are consistent with the standards set by HAVA. *Id.* at 35.

34. HAVA required all states to implement "in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level," that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

35. The computerized list required by HAVA "shall be coordinated with other agency databases within the State." 52 U.S.C. § 21083(a)(1)(A)(iv).

36. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records." 52 U.S.C. § 21083(a)(4). Section 303 provides that a state's "election system shall include provisions to ensure that voter registration records in the State are accurate and are updated regularly," including by use of a "system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters" and "safeguards to ensure that eligible voters are not removed in error from the official list of eligible voters." *Id*.

37. HAVA mandates that a state may not process a voter-registration application without the applicant's driver's license number, where an applicant has a current and valid driver's license, or, for other applicants, the last four digits of the applicant's Social Security number. *Id.* § 21083(a)(5)(A). For applicants who have neither a driver's license nor a social security number, a state must assign a unique identifying number for voter registration purposes. *Id.* § 21083(a)(5)(A)(ii). A state must then determine the validity of the information provided by the applicant. *Id.* § 21083(a)(5)(A)(iii).

38. HAVA applies to all fifty states, including New York. *Id.* § 21141.

39. Section 303 of HAVA incorporates by reference certain provisions of the NVRA. *See* 52 U.S.C. § 21083(a)(4)(A). These provisions, unless explicitly noted otherwise, apply to all states covered under HAVA. *Id.*

40. HAVA vests the Attorney General of the United States with sole authority to "bring a civil action against any State or jurisdiction in an appropriate United States District Court for such declaratory and injunctive relief . . . as may be necessary to carry out the uniform and nondiscriminatory election technology and administration requirements under sections 21081-83, and 21083a of [HAVA]." 52 U.S.C. § 21111.

41. HAVA contains no private right of action. *See* 52 U.S.C. §§ 20901 to 21145.

## V.     FACTUAL BACKGROUND

42. On June 30, 2025, the United States sent a letter ("June 30 Letter") to Secretary Stavisky and Director Riley seeking information regarding New York's compliance with the HAVA. The June 30 Letter requested, among other information and documents, the processes and documentation that reflects the State of New York's compliance with HAVA.

43. The June 30 letter specifically requested an electronic copy of New York's current Statewide voter registration list ("SVRL"), including both active and inactive voters.

44. On July 24, 2025, the State of New York responded with an acknowledgment letter. The State wrote it anticipated responding by the end of August.

45. On August 14, 2025, the United States sent another letter ("August 14 letter") clarifying the United States' demand for all fields of the SVRL, under its authority from the CRA, NVRA, and HAVA.

46. The August 14 letter by the Justice Department requested an electronic copy of New York's computerized statewide voter registration list, with all fields, including each

12

registrant's full name, date of birth, residential address, their state driver's license number, and the last four digits of their Social Security number as required by 52 U.S.C. § 20703.

47. The August 14 letter also advised the Defendants that HAVA specifies that the "last 4 digits of a social security number . . . shall not be considered a social security number for purposes of section 7 of the Privacy Act of 1974" (5 U.S.C. § 552a note); 52 U.S.C. § 21083(c). The August 14 Letter also clarified that any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority. The August 14 Letter further advised that all data received from the State of New York will be kept securely and treated consistently with the Privacy Act.

48. On August 29, 2025, the State of New York replied ("August 29 Letter") to the combined requests from the United States. The August 29 Letter contained a partisan split on the request for the nonpublic version of the SVRL. The Democratic counsel maintained that only the public list (i.e., the list without crucial identifying information such as last four digits of social security number and/or driver's license number) should be shared. The Republican counsel maintained that the entire list should be shared with the United States. Given the split, the State of New York only shared the public version of the SVRL with the Attorney General.

49. The public version of the SVRL does not include information that is necessary for the Attorney General to carry out its duties of NVRA and HAVA enforcement and determine if New York is conducting effective list maintenance to ensure that the SVRL is free of errors such as duplicitous registrations, deceased and noncitizen voters, and voters who have moved. To prevent false positives in its review, the Attorney General requires the full name, date of birth,

address, and the full driver's license number and/or last four digits of social security numbers of the registrants on New York's SVRL.

50. The Democratic counsel claimed various nonapplicable exemptions as reasons for not providing this information, as federal law requires. The August 29 Letter cites state election laws, public disclosure laws, and federal privacy laws, all of which are inapplicable to this statutorily authorized request from federal law enforcement. *Id.* 1-2.

51. As a federal law enforcement agency, the Department of Justice is required to comply with all applicable privacy laws and has practices and procedures to ensure compliance.

52. The information that the Justice Department collects pursuant to its request to New York will be maintained consistent with privacy protections as explained on the Justice Department's website at https://civilrights.justice.gov/privacy-policy#:~:text=Our%20Statutes-,Privacy%20Act%20Statement,the%20scope%20of%20our%20jurisdiction. The full list of routine uses for this collection of information can be found in the System of Records Notice ("SORN") titled, JUSTICE/CRT – 001, "Central Civil Rights Division Index File and Associated Records", 68 Fed. Reg. 47610-01, 611 (Aug. 11, 2003); 70 Fed. Reg. 43904-01 (July 29, 2005); and 82 Fed. Reg. 24147-01 (May 25, 2017). It should be noted that the statutes cited for routine use include the CRA, NVRA, and HAVA. The records in the SORN are kept under the authority of 44 U.S.C. § 3101 and in the ordinary course of fulfilling the responsibility assigned to the Civil Rights Division under the provisions of 28 C.F.R. §§ 0.50, 0.51.

## VI.   CLAIMS FOR RELIEF

### COUNT ONE – CRA, 52 U.S.C. § 20703

53. The United States restates and incorporates herein the allegations in the foregoing paragraphs of the Complaint.

54. The United States's August 14 Letter informed the NYS Board of Elections that the Attorney General was making a demand for election records pursuant to the CRA, as authorized. 52 U.S.C. § 20703.

55. The June 30 and the August 14 letters by the Justice Department requested an electronic copy of New York's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, their state driver's license number, and the last four digits of their Social Security number as required by 52 U.S.C. § 20703.

56. Defendants on August 29, 2025, refused to provide the requested statewide voter registration information, that included the requisite HAVA unique identifiers to the Attorney General. 52 U.S.C. §§ 20701-20706.

57. Unless and until ordered to do so by this Court, Defendants' refusal to provide these records as requested constitutes a continuing violation of federal law.

## COUNT TWO – NVRA, 52 U.S.C. § 20507(i)

58. The United States restates and incorporates herein the allegations in the foregoing paragraphs of the Complaint.

59. The United States' June 30 and August 14 Letters demanded the information that New York is required to disclose pursuant to 52 U.S.C. § 20507(i).

60. New York has failed to provide the necessary information under NVRA and HAVA. This information is necessary for the Attorney General to determine if New York is conducting "a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters" as required by 52 U.S.C. § 20507(a)(4).

61. The NVRA requires Defendant's to provide "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and

15

currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered." 52 U.S.C. § 20507(i)(1).

62. The Defendant's SVRL is a record concerning the implementation of programs and activities for the purpose of ensuring the accuracy of the official list of eligible voters.

63. Defendant's failure to provide the requested records is a violation of the NVRA.

64. Unless and until ordered to do so by this Court, Defendants' refusal to provide these records as requested constitutes a continuing violation of federal law.

### COUNT THREE – HAVA, 52 U.S.C. § 21083

65. The United States restates and incorporates herein the allegations in the foregoing paragraphs of the Complaint.

66. Defendants have failed to take the actions necessary for the State of New York to comply with Section 303 of HAVA.

67. Defendants' failure to provide sufficient information in response to the United States' June 30 and August 14 Letters prevents the Attorney General from evaluating New York's compliance with HAVA, pursuant to the Attorney General's statutory enforcement authority under 52 U.S.C. § 21111.

68. Defendants' refusal to provide sufficient information prevents the Attorney General from evaluating New York's procedures that "ensure[] . . . duplicate names are eliminated from the computerized list" pursuant to 52 U.S.C. § 21083(a)(2)(B).

69. Defendants' refusal to provide to the United States the current electronic copy of New York's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license

number or the last four digits of their Social Security number prevents the Attorney General from determining New York's compliance with the list maintenance requirements of HAVA. 52 U.S.C. § 21083(a)(5)(A).

70.  Unless and until ordered to do so by this Court, Defendants' refusal to provide these records as requested constitutes a continuing violation of federal law.

## PRAYER FOR RELIEF

The United States respectfully requests the following relief:

A. Declare that Defendants' refusal to provide registration records and New York's electronic statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, their state driver's license number, and the last four digits of their Social Security number, upon a demand by the Attorney General violates Title III of the CRA. 52 U.S.C. § 20703;

B. Declare that Defendants have failed to make available and provide to the United States "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," in violation of the NVRA. 52 U.S.C. § 20507(i)(1);

C. Declare that the Defendants' refusal to provide the requested records concerning the voter registration and list maintenance records prevents the Attorney General from enforcing HAVA's list maintenance requirements;

D. Declare that any state law that prohibits Defendants from providing the requested statewide voter registration list is preempted by federal law;

E. Order Defendants to provide to the United States the current electronic copy of New York's statewide voter registration list, with all fields, including each registrant's full name, date

of birth, residential address, their state driver's license number, and the last four digits of their Social Security number as required by 52 U.S.C. § 20703; and

F. Order such additional relief as the interests of justice may require.

Dated: September 25, 2025

Respectfully,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division


__/S/_____
MICHAEL E. GATES
Deputy Assistant Attorney General
Civil Rights Division

MAUREEN S. RIORDAN
Acting Chief, Voting Section
Civil Rights Division
TIMOTHY F. MELLETT
ERIC V. NEFF (*admitted pro hac vice*)
Attorneys, Voting Section
Civil Rights Division
150 M St. NE, Ste 8-139
Washington, DC 20009
Maureen.Riordan2@usdoj.gov
Timothy.F.Mellett@usdoj.gov
Eric.Neff@usdoj.gov
Tel. (202) 307-2767

JOHN A. SARCONE III
Acting United States Attorney
Northern District of New York

*Attorneys for the United States*

18

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Eric Neff*
Eric Neff