# Exhibit C

#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  *Plaintiff*,<br>v.<br><br>BOARD OF ELECTIONS OF THE STATE OF NEW YORK, et al.,<br><br>                  *Defendants*. | Case No. 1:25-cv-01338-MAD-PJE |

### [PROPOSED] ANSWER

Proposed Intervenors the National Association for the Advancement of Colored People ("NAACP") and the NAACP New York State Conference ("NAACP NYS") (together, "Proposed Intervenors") answer Plaintiff's Complaint for Declaratory and Injunctive Relief, Dkt. 1 ("Complaint") as follows:

### I.    INTRODUCTION

The Complaint begins with two unnumbered paragraphs to which no response is required. To the extent a response is required, Proposed Intervenors incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiff is entitled to any relief.

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit the United States filed the instant action but otherwise deny that the United States is entitled to any relief.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors deny that Defendants have failed to comply with the statutes referenced and deny that those statutes require Defendants to provide the information described by Plaintiff.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The cited statute otherwise speaks for itself.

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 20501(b)(3)–(4) contains the quoted text, but deny that 52 U.S.C. § 20507(a)(4)(A)–(B) contains the text as quoted by Plaintiff; the statute instead provides, in relevant part, that: "In the administration of voter registration for elections for Federal office, each State shall . . . (4) conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of-- (A) the death of the registrant; or (B) a change in the residence of the registrant, in accordance with subsections (b), (c), and (d) . . . ." 52 U.S.C. § 20507(a).

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The cited statute otherwise speaks for itself.

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the United States has filed the instance action but otherwise deny the allegations.

## II.  JURISDICTION AND VENUE

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States as a Plaintiff and that it alleges purported violations of federal law. Proposed Intervenors otherwise deny the allegations.

9. Paragraph 9 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendants are located in and conduct election administration in New York.

## III.  PARTIES

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 10.

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Board of Elections of the State of New York manages elections in New York, which is a state of the United States of America and is subject to certain provisions of the CRA, NVRA, and HAVA.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that Defendant Kristen Zebrowski Stavisky is the Co-Executive Director of the New York State Board of Elections and that she is sued in her official capacity.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Raymond Riley III is the Co-Executive Director of the New York State Board of Elections and that he is sued in his official capacity.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Peter Kosinski is a Commissioner of the New York State Board of Elections and that he is sued in his official capacity.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Henry Berger is a Commissioner of the New York State Board of Elections and that he is sued in his official capacity.

16. Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Anthony Casale is a Commissioner of the New York State Board of Elections and that he is sued in his official capacity.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Essma Bagnuola is a Commissioner of the New York State Board of Elections and that she is sued in his official capacity.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the State of New York is a state of the United States of America and is subject to certain provisions of the CRA, NVRA, and HAVA.

## IV. STATUTORY BACKGROUND

### A. The Civil Rights Act of 1960

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 20701 *et seq.* empowers the Attorney General to request certain records in certain circumstances and subject to legal requirements. Proposed Intervenors deny that the Attorney General is empowered to request each of the records that are the subject of this litigation. Proposed Intervenors further deny that the Attorney General has a sufficient basis or purpose for the records requests at issue in this litigation.

20. Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

21. Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Proposed Intervenors deny that the statute authorizes the demands that are the subject of this litigation.

### B. The National Voter Registration Act

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Proposed Intervenors deny the remaining allegations in Paragraph 24.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute and legislative history contain the quoted text. The statute and legislative history otherwise speak for themselves.

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

27. Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 20507(c) sets forth a process by which a state "may meet the requirements of" of 52 U.S.C. § 20507(a). Section 20507(c) speaks for itself as to that process.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

31. Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

C. The Help America Vote Act

32. Paragraph 32 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited report contains the quoted text. The report otherwise speaks for itself.

33. Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the cited report contains the quoted text. The report otherwise speaks for itself.

34. Paragraph 34 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

35. Paragraph 35 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

36. Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

37. Paragraph 37 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute describes certain elements of a state's voter registration process. The statute otherwise speaks for itself.

38. Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the definition of a "state" outlined in 52 U.S.C. § 21141 includes New York.

39. Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that 52 U.S.C. § 21083(a)(4)(A) references the NVRA. The statute otherwise speaks for itself.

40. Paragraph 40 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Proposed Intervenors deny that HAVA authorizes the relief the Plaintiff seeks and further deny that it precludes enforcement by parties other than the U.S. Attorney General.

41. Paragraph 41 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegation.

### V.   FACTUAL BACKGROUND

42. Proposed Intervenors admit that on June 30, 2025, the United States sent a letter to Co-Executive Directors Stavisky and Riley, but deny that the letter was sent to "Secretary Stavisky." Proposed Intervenors admit that the letter sought information regarding New York's voter registration list. The letter otherwise speaks for itself.

43. Proposed Intervenors admit that a letter was sent on June 30 and requested voter registration information. The letter otherwise speaks for itself.

44. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 44 and therefore deny them.

45. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 45 and therefore deny them.

46. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 46 and therefore deny them.

47. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 47 and therefore deny them.

48. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 48 and therefore deny them.

49. Paragraph 49 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

50. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 50 and therefore deny them.

51. Paragraph 51 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the Department of Justice is required to comply with the Privacy Act. Proposed Intervenors otherwise deny that the Department of Justice has complied with the Privacy Act or has adopted the necessary practices and procedures to do so.

52. Paragraph 52 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny that the Civil Rights Division has complied with the Privacy Act.

## VI. CLAIMS FOR RELIEF

### COUNT ONE – CRA, 52 U.S.C. § 20703

53. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

54. Paragraph 54 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors deny the allegations in Paragraph 54 because they lack sufficient knowledge to form a belief as to the truth or falsity of the allegations.

55. Proposed Intervenors admit that the Department of Justice sent a letter on June 30, 2025 and admit that the Department of Justice asked for the state to produce its voter registration list, but deny that such refusal violates any federal or state law. Proposed Intervenors otherwise deny the remaining allegations in Paragraph 55 because they lack sufficient knowledge to form a belief as to the truth or falsity of the allegations.

56. Proposed Intervenors admit that the State has not produced the state's voter registration list in the manner requested by the Department of Justice but denies that such refusal violates any federal or state law.

57. Proposed Intervenors deny the allegations in Paragraph 57.

## COUNT TWO – NVRA, 52 U.S.C. § 20507(I)

58. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

59. Proposed Intervenors admit that the Department of Justice sent a letter on June 30, 2025 and admit that the Department of Justice asked for the state to produce its voter registration list, but deny that such refusal violates any federal or state law. Proposed Intervenors otherwise deny the remaining allegations in Paragraph 59 because they lack sufficient knowledge to form a belief as to the truth or falsity of the allegations.

60. Proposed Intervenors admit that New York has not produced the state's voter registration list in the manner requested by the Department of Justice but denies that such refusal violates any federal or state law.

61. Paragraph 61 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

11

Intervenors admit that the cited statute contains the quoted text. The statutes otherwise speak for themselves. To the extent Paragraph 61 alleges that New York has violated the NVRA, Proposed Intervenors deny the allegation.

62. Proposed Intervenors deny the allegations in Paragraph 62.

63. Proposed Intervenors deny the allegations in Paragraph 63.

64. Proposed Intervenors deny the allegations in Paragraph 64.

## COUNT THREE – HAVA, 52 U.S.C. § 21083

65. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

66. Proposed Intervenors deny the allegations in Paragraph 66.

67. Proposed Intervenors deny the allegations in Paragraph 67.

68. Paragraph 68 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statutes otherwise speak for themselves. Proposed Intervenors otherwise deny the allegations in Paragraph 68.

69. Proposed Intervenors deny the allegations in Paragraph 69.

70. Proposed Intervenors deny the allegations in Paragraph 70.

## PRAYER FOR RELIEF

The Complaint next includes a Prayer for Relief, including sub-paragraphs (A)–(F), demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

6. New York law, N.Y. Pub. Off. Law § 96, grants Proposed Intervenors the right to keep their highly sensitive personal information confidential, and preservation of those state rights does not conflict with or otherwise violate federal law.

## PROPOSED INTERVENORS' PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint for Declaratory and Injunctive Relief, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint for Declaratory and Injunctive Relief.

B. That judgment be entered in favor of Defendants and Proposed Intervenors and against Plaintiff on Plaintiff's Complaint for Declaratory and Injunctive Relief and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

| | |
|---|---|
| *Respectfully submitted,* <br> */s/ Andrew G. Celli, Jr.* | Dated: October 1, 2025 |

Andrew G. Celli, Jr. (Bar No. 105255)  
Katherine Rosenfeld (Bar No. 511795)  
Daniel M. Eisenberg (Bar No. 706811)  
**EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP**  
One Rockefeller Plaza, 8th Floor  
New York, NY 10020  
T: (212) 763-5000  
F: (212) 763-5001  
acelli@ecbawm.com  
krosenfeld@ecbawm.com  
deisenberg@ecbawm.com  

Aria C. Branch*  
Christopher D. Dodge*  
Tina Meng Morrison*  
Omeed Alerasool*  
**ELIAS LAW GROUP LLP**  
250 Massachusetts Ave. NW, Suite 400  
Washington, DC 20001  
T: (202) 968-4490  
F: (202) 968-4498  
abranch@elias.law  
cdodge@elias.law  
tmengmorrison@elias.law  
oalerasool@elias.law  

*\* Application pro hac vice and Motion for Limited Admission forthcoming*

*Counsel for Proposed Intervenors*

14