# EXHBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. BOARD OF ELECTIONS OF THE STATE OF NEW YORK, et al., *Defendants*. | Case No. 1:25-CV-01338-MAD-PJE |

## LEAGUE OF WOMEN VOTERS OF NEW YORK STATE'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Proposed Intervenor-Defendant the League of Women Voters of New York State ("Proposed Intervenor-Defendant") answers Plaintiff's Complaint (ECF No. 1) as follows:

The unnumbered introductory paragraphs contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant incorporates by reference the paragraphs below as its response, denies the allegations, and denies that Plaintiff is entitled to any relief.

1. Paragraph 1 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies that this action properly arises under the statutes cited.

2. Proposed Intervenor-Defendant denies, based on the information available, that the New York State Board of Elections; Kristen Zebrowski Stavisky, in her official capacity as Co-Executive Director of the Board of Elections of the State of New York; Raymond Riley, III, in his official capacity as Co- Executive Director of the Board of Elections of the State of New

York; Peter Kosinski, in his official capacity as Commissioner of the Board of Elections of the State of New York; Henry Berger, in his official capacity as Commissioner of the Board of Elections of the State of New York; Anthony Casale, in his official capacity as Commissioner of the Board of Elections of the State of New York; Essma Bagnuola, in her official capacity as Commissioner of the Board of Elections of the State of New York; and the State of New York ("Defendants") have failed to comply with the Civil Rights Act ("CRA"), National Voter Registration Act ("NVRA") or Help America Vote Act ("HAVA").

3. Proposed Intervenor-Defendant admits that the CRA is codified at 52 U.S.C. § 20701, *et seq*, but denies that paragraph 3 accurately represents Section 301 of the CRA.

4. Proposed Intervenor-Defendant admits that the quoted language in paragraph 4 from Section 303 of the CRA is accurate. Proposed Intervenor-Defendant denies that Paragraph 4 contains all pertinent parts of Section 303. Section 303 also states "This demand shall contain a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

5. Proposed Intervenor-Defendant admits that the quoted language in paragraph 5 is correctly quoted from the NVRA but denies the remaining allegations.

6. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 6 is correctly, but partially, quoted from HAVA but denies the remaining allegations.

7. Proposed Intervenor-Defendant denies that the action is proper under any of the statutes cited or that the United States ("Plaintiff") is otherwise entitled to any relief. Proposed Intervenor-Defendant denies the remaining allegations in Paragraph 7.

## JURISDICTION AND VENUE[1]

8. Proposed Intervenor-Defendant admits the allegations in Paragraph 8.

9. Proposed Intervenor-Defendant admits the allegations in Paragraph 9.

## PARTIES

10. Paragraph 10 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegations.

11. Proposed Intervenor-Defendant admits, based on the information available, that Defendant New York State Board of Elections is a government agency managing elections in New York State. The remaining allegations in Paragraph 11 contain legal conclusions to which no response is required.

12. Proposed Intervenor-Defendant admits that Defendant Co-Executive Director of the New York State Board of Elections Kristen Zebrowski Stavisky is sued in her official capacity only. The remaining allegations in Paragraph 12 contain legal conclusions to which no response is required.

13. Proposed Intervenor-Defendant admits that Defendant Co-Executive Director of the New York State Board of Elections Raymond Riley III is sued in his official capacity only. The remaining allegations in Paragraph 13 contain legal conclusions to which no response is required.

14. Proposed Intervenor-Defendant admits that Defendant Commissioner of the New York State Board of Elections Peter Kosinski is sued in his official capacity only. The

---

[1] Headings from the Complaint are reproduced here for clarity. This is not intended to admit any allegation contained in the Complaint. To the extent any heading or subheading in the Complaint constitutes an allegation, that allegation is denied.

remaining allegations in Paragraph 14 contain legal conclusions to which no response is required.

15. Proposed Intervenor-Defendant admits that Defendant Commissioner of the New York State Board of Elections Henry Berger is sued in his official capacity only. The remaining allegations in Paragraph 15 contain legal conclusions to which no response is required.

16. Proposed Intervenor-Defendant admits that Defendant Commissioner of the New York State Board of Elections Anthony Casale is sued in his official capacity only. The remaining allegations in Paragraph 16 contain legal conclusions to which no response is required.

17. Proposed Intervenor-Defendant admits that Defendant Commissioner of the New York State Board of Elections Essma Bagnuola is sued in her official capacity only. The remaining allegations in Paragraph 16 contain legal conclusions to which no response is required.

18. Proposed Intervenor-Defendant admits that Defendant State of New York is a state of the United States and is subject to certain provisions of the NVRA, HAVA, and the CRA.

## STATUTORY BACKGROUND

### A. The Civil Rights Act of 1960

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant alleges that the statute speaks for itself but denies that the CRA authorizes the Attorney General to request each of the records that are the subject of this action. Proposed Intervenor-Defendant further denies that the Attorney General has stated a sufficient basis and purpose for receiving the records at issue.

20. Paragraph 20 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant alleges that the statute speaks for itself.

21. Proposed Intervenor-Defendant admits that the quoted language in Paragraph 21 from Section 303 of the CRA is accurate. Proposed Intervenor-Defendant denies that Paragraph 21 contains all pertinent parts of Section 303. Section 303 also states "This demand shall contain a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

**B**. **The National Voter Registration Act.**

22. Paragraph 22 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately, but incompletely, quoted from the NVRA but denies the remaining allegations.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the NVRA but denies the remaining allegations.

24. Paragraph 24 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the NVRA but denies the remaining allegations.

25. Paragraph 25 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the NVRA and its legislative history but denies the remaining allegations.

26. Paragraph 26 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the NVRA but denies the remaining allegations.

27. Paragraph 27 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the NVRA but denies the remaining allegations.

28. Paragraph 28 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies.

29. Proposed Intervenor-Defendant admits that the quoted language in Paragraph 29 is correctly quoted from the NVRA.

30. Proposed Intervenor-Defendant admits that the quoted language in paragraph 30 is correctly quoted from the NVRA.

31. Paragraph 31 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the NVRA but denies the remaining allegations.

**The Help America Vote Act**

32. Proposed Intervenor-Defendant admits that quoted text in Paragraph 32 is correctly, but partially, quoted from the legislative history cited but denies the remaining allegations.

33. Paragraph 33 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the legislative history cited contains the quoted text, which is only part of the document, and alleges that the legislative history speaks for itself.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is correctly, but partially, quoted from HAVA but denies the remaining allegations.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from HAVA but denies the remaining allegations.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately, but partially, quoted from HAVA but denies the remaining allegations.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant alleges that the statute speaks for itself.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant alleges that the statute speaks for itself. Proposed Intervenor-Defendant admits that New York falls within the definition "state" outlined in 52 U.S.C. § 21141.

39. Paragraph 39 contains legal conclusions to which no response is required. Proposed Intervenor-Defendant admits that HAVA incorporates by reference certain provisions of the NVRA and alleges that the statute speaks for itself.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant alleges that the statute speaks for itself but denies that HAVA authorizes the Attorney General to seek relief upon the claims stated in Plaintiff's Complaint.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegation.

## FACTUAL ALLEGATIONS

42. Based on the information available, Proposed Intervenor-Defendant admits that Plaintiff sent a letter to Co-Executive Director Zebrowski Stavisky and Co-Executive Director Riley on June 30, 2025.[2] Proposed Intervenor-Defendant affirmatively alleges that the document speaks for itself and denies any inconsistent allegations.

43. Based on the information available, Proposed Intervenor-Defendant admits that the June 30 letter requested an electronic copy of New York's current Statewide voter registration list ("SVRL"), including both active and inactive voters.

44. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegation that the State of New York responded on July 24, 2025, and therefore denies it.

45. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 45 and therefore deny them.

46. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 46 and therefore deny them.

47. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 47 and therefore deny them.

48. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 47 and therefore deny them.

---

[2] Paragraph 42 of Plaintiff's Complaint omits part of Co-Executive Director Zebrowski Stavisky's last name. It also misstates the titles for both Co-Executive Directors.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegations.

50. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 50 and therefore deny them.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the Department of Justice is required to comply with the Privacy Act. Proposed Intervenor-Defendant denies that the Department of Justice has complied with the Privacy Act, including by adopting the necessary practices and procedures to do so.

52. Paragraph 52 contains legal conclusions to which no response is required. Proposed Intervenor-Defendant denies allegations that suggest that the Civil Rights Division has complied with the Privacy Act, or that the relief requested in the Complaint would be consistent with the Privacy Act.

## IV. CLAIMS FOR RELIF

### COUNT I: CRA, 52 U.S.C. § 20703

53. Proposed Intervenor-Defendant incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

54. Proposed Intervenor-Defendant denies the allegations in Paragraph 54.

55. Proposed Intervenor-Defendant denies the allegations in Paragraph 55.

56. Proposed Intervenor-Defendant denies the allegations in Paragraph 56.

57. Proposed Intervenor-Defendant denies the allegations in Paragraph 57.

### COUNT II: NVRA, 52 U.S.C. § 20507(i)

58. Proposed Intervenor-Defendant incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

59. Proposed Intervenor-Defendant denies the allegations in Paragraph 59.

60. Proposed Intervenor-Defendant denies the allegations in Paragraph 60.

61. Proposed Intervenor-Defendant denies the allegations in Paragraph 61.

62. Proposed Intervenor-Defendant denies the allegations in Paragraph 62.

63. Proposed Intervenor-Defendant denies the allegations in Paragraph 63.

64. Proposed Intervenor-Defendant denies the allegations in Paragraph 64.

### COUNT III: HAVA, 52 U.S.C. § 21083

65. Proposed Intervenor-Defendant incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

66. Proposed Intervenor-Defendant denies the allegations in Paragraph 66.

67. Proposed Intervenor-Defendant denies the allegations in Paragraph 67.

68. Proposed Intervenor-Defendant denies the allegations in Paragraph 68.

69. Proposed Intervenor-Defendant denies the allegations in Paragraph 69.

70. Proposed Intervenor-Defendant denies the allegations in Paragraph 70.

### GENERAL DENIAL

Proposed Intervenor-Defendant denies every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein.

### AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without assuming any burden not imposed by law, Proposed Intervenor-Defendant asserts the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to establish entitlement to injunctive relief.

3. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

4. Plaintiff lacks authority to bring this cause of action. Proposed Intervenor-Defendant reserves the right to add additional Affirmative Defenses to Plaintiff's Complaint as the existence of such defenses is discovered through the course of discovery or otherwise.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint for Declaratory and Injunctive Relief, Proposed Intervenor-Defendant the League of Women Voters of New York State prays for judgment as follows:

A. That the Court dismiss the Complaint for Declaratory and Injunctive Relief with prejudice;

B. That judgment be entered in favor of Proposed Intervenor-Defendant and against Plaintiff on Plaintiff's Complaint for Declaratory and Injunctive Relief and that Plaintiff takes nothing thereby;

C. That Proposed Intervenor-Defendant be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

October 23, 2025                                         Respectfully submitted,

/s/Patrick Berry
Patrick Berry (N.Y. Bar No. 5723135)
Brennan Center for Justice
at NYU School of Law
120 Broadway, Suite 1750
Tel: (646) 292-8310
Fax: (212) 463-7308
berryp@brennan.law.nyu.edu

Maura Eileen O'Connor* (N.Y. Bar No.: 4312302)
Brennan Center for Justice
at NYU School of Law
777 6th St., NW, Ste. 1100
Washington, DC 20002
Tel: (202) 249-7190
oconnore@brennan.law.nyu.edu

Sejal Jhaveri*  (N.Y. Bar No. 5396304)
Brent Ferguson*  (N.Y. Bar No. 4890620)
Daniel S. Lenz*
Alexis Grady*
Renata O'Donnell*
Heather Szilagyi*
Kate Hamilton*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
sjhaveri@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
agrady@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
khamilton@campaignlegalcenter.org

*Pro Hac Vice Applications Forthcoming*

Counsel for Proposed Intervenor League of Women Voters of New York State