# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 *Plaintiff*,<br>   v.<br><br>BOARD OF ELECTIONS OF THE STATE OF NEW YORK, KRISTEN ZEBROWSKI STAVISKY, in her official capacity as Co-Executive Director of the Board of Elections of the State of New York, RAYMOND RILEY, III, in his official capacity as Co-Executive Director of the Board of Elections of the State of New York, PETER KOSINSKI, in his official capacity as Commissioner of the Board of Elections of the State of New York, HENRY BERGER, in his official capacity as Commissioner of the Board of Elections of the State of New York, ANTHONY CASALE, in his official capacity as Commissioner of the Board of Elections of the State of New York, ESSMA BAGNUOLA, in her official capacity as Commissioner of the Board of Elections of the State of New York, and the STATE OF NEW YORK,<br>                 *Defendants*. | **ANSWER**<br><br>Case No. 1:25-cv-01338-MAD-PJE |

Defendants Raymond Riley, III, in his official capacity as Co-Executive Director of the Board of Elections of the State of New York, Peter Kosinski, in his official capacity as Commissioner of the Board of Elections of the State of New York, and Anthony Casale, in his official capacity as Commissioner of the Board of Elections of the State of New York ("Defendants"), hereby respond to the Complaint filed by Plaintiff the United States of America ("Plaintiff") as follows:

1

## ANSWERING "INTRODUCTION"

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Paragraph 2 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 3 of the Complaint also purports to describe the contents of the Civil Rights Act ("CRA"), which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 3 that are inconsistent with or contrary to the CRA and refer to the statute for its full text, terms, and meaning.

4. Paragraph 4 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 4 of the Complaint also purports to describe the contents of the CRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 4 that are inconsistent with or contrary to the CRA and refer to the statute for its full text, terms, and meaning.

5. Paragraph 5 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 5 of the Complaint also purports to describe the contents of the National Voter Registration Act ("NVRA"), which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 5 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

6. Paragraph 6 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 6 of the Complaint also purports to describe the contents of the Help America Vote Act ("HAVA"), which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 6 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

7. Defendants admit Plaintiff's characterization of this action set forth in Paragraph 7 of the Complaint and, with respect to the remaining allegations in Paragraph 7, state that Paragraph 7 sets forth conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 7 that are inconsistent with or contrary to the HAVA, CRA, or NVRA or any other applicable law, and refer to the statute for its full text, terms, and meaning.

## ANSWERING "JURISDICTION AND VENUE"

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

## ANSWERING "PARTIES"

10. Paragraph 10 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 10 of the Complaint also purports to describe the contents of the CRA, NVRA, and HAVA, which speak for themselves. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 10 that are inconsistent with or contrary to the referenced statutes and refer to the statutes for their full text, terms, and meaning.

11. Defendants admit the allegation in Paragraph 11 of the Complaint that Defendant Board of Elections of the State of New York is the government agency managing elections of a state of the United States. The remaining allegations of Paragraph 11 set forth a conclusion of law

to which no responsive pleading is required. Paragraph 11 of the Complaint also purports to describe the contents of the CRA, NVRA, HAVA, and N.Y Elec. Law § 3-100, which speak for themselves. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 11 that are inconsistent with or contrary to the referenced statutes and refer to the statutes for their full text, terms, and meaning.

12. Defendants admit the allegation in Paragraph 12 of the Complaint that Defendant Co-Executive Director of the New York State Board of Elections Kristen Zebrowski Stavisky is sued in her official capacity only, as a chief state election official responsible for coordinating New York's responsibilities under federal law. To the extent Paragraph 12 of the Complaint cites federal and state statutes, Defendants deny any allegations in Paragraph 12 that are inconsistent with or contrary to the referenced statutes and refer to the statutes for their full text, terms, and meaning.

13. Defendants admit the allegation in Paragraph 13 of the Complaint that Defendant Co-Executive Director of the New York State Board of Elections Raymond Riley, III is sued in his official capacity only, as a chief state election official responsible for coordinating New York's responsibilities under federal law. To the extent Paragraph 13 of the Complaint cites federal and state statutes, Defendants deny any allegations in Paragraph 13 that are inconsistent with or contrary to the referenced statutes and refer to the statutes for their full text, terms, and meaning.

14. Defendants admit the allegation in Paragraph 14 of the Complaint that Defendant Commissioner of the New York State Board of Elections Peter Kosinski is sued in his official capacity only, as a chief state election official responsible for coordinating New York's responsibilities under federal law. To the extent Paragraph 14 of the Complaint cites federal and state statutes, Defendants deny any allegations in Paragraph 14 that are inconsistent with or contrary to the referenced statutes and refer to the statutes for their full text, terms, and meaning.

15. Defendants admit the allegation in Paragraph 15 of the Complaint that Defendant Commissioner of the New York State Board of Elections Henry Berger is sued in his official capacity only, as a chief state election official responsible for coordinating New York's responsibilities under federal law. To the extent Paragraph 15 of the Complaint cites federal and state statutes, Defendants deny any allegations in Paragraph 15 that are inconsistent with or contrary to the referenced statutes and refer to the statutes for their full text, terms, and meaning.

16. Defendants admit the allegation in Paragraph 16 of the Complaint that Defendant Commissioner of the New York State Board of Elections Anthony Casale is sued in his official capacity only, as a chief state election official responsible for coordinating New York's responsibilities under federal law. To the extent Paragraph 16 of the Complaint cites federal and state statutes, Defendants deny any allegations in Paragraph 16 that are inconsistent with or contrary to the referenced statutes and refer to the statutes for their full text, terms, and meaning.

17. Defendants admit the allegation in Paragraph 17 of the Complaint that Defendant Commissioner of the New York State Board of Elections Essma Bagnuola is sued in her official capacity only, as a chief state election official responsible for coordinating New York's responsibilities under federal law. To the extent Paragraph 17 of the Complaint cites federal and state statutes, Defendants deny any allegations in Paragraph 17 that are inconsistent with or contrary to the referenced statutes and refer to the statutes for their full text, terms, and meaning.

18. Defendants admit the allegation in Paragraph 18 of the Complaint that Defendant New York is a state within the United States. The remaining allegations of Paragraph 18 set forth a conclusion of law to which no responsive pleading is required. Paragraph 18 of the Complaint also purports to describe the contents of the CRA, NVRA, and HAVA, which speak for themselves. To the extent a response is deemed required, Defendants deny any allegations in

Paragraph 18 that are inconsistent with or contrary to the referenced statutes and refer to the statutes for their full text, terms, and meaning.

## ANSWERING "STATUTORY BACKGROUND"

19. Paragraph 19 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 19 of the Complaint also purports to describe the contents of the CRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 19 that are inconsistent with or contrary to the CRA and refer to the statute for its full text, terms, and meaning.

20. Paragraph 20 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 20 of the Complaint also purports to describe the contents of the CRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 20 that are inconsistent with or contrary to the CRA and refer to the statute for its full text, terms, and meaning.

21. Paragraph 21 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 21 of the Complaint also purports to describe the contents of the CRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 21 that are inconsistent with or contrary to the CRA and refer to the statute for its full text, terms, and meaning.

22. Paragraph 22 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 22 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 22 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

23. Paragraph 23 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 23 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 23 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

24. Paragraph 24 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 24 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 24 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

25. Paragraph 25 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 25 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 25 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

26. Paragraph 26 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 26 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 26 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

27. Paragraph 27 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 27 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any

allegations in Paragraph 27 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

28. Paragraph 28 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 28 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 28 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

29. Paragraph 29 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 29 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 29 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

30. Paragraph 30 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 30 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 30 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

31. Paragraph 31 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 31 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 31 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

32. Paragraph 32 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 32 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 32 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

33. Paragraph 33 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 33 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 33 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

34. Paragraph 34 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 34 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 34 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

35. Paragraph 35 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 35 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 35 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

36. Paragraph 36 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 36 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any

allegations in Paragraph 36 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

37. Paragraph 37 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 37 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 37 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

38. Paragraph 38 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 38 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 38 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

39. Paragraph 39 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 39 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 39 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

40. Paragraph 40 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 40 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 40 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

41. Paragraph 41 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 41 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 41 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

### ANSWERING "FACTUAL BACKGROUND"

42. Defendants admit the allegations in Paragraph 42 of the Complaint.

43. Defendants admit the allegations in Paragraph 43 of the Complaint.

44. Defendants admit the allegations in Paragraph 44 of the Complaint.

45. Defendants admit the allegations in Paragraph 45 of the Complaint.

46. Defendants admit the allegations in Paragraph 46 of the Complaint.

47. Defendants admit the allegations in Paragraph 47 of the Complaint.

48. Defendants admit the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 49 of the Complaint also purports to describe the contents of the HAVA and NVRA, which speak for themselves. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 49 that are inconsistent with or contrary to the HAVA and NVRA and refer to the statutes for their full text, terms, and meaning.

50. Defendants admit the allegation in Paragraph 50 of the Complaint that the Democratic counsel claimed various exemptions as reasons for not providing the requested information. The remaining allegations of Paragraph 50 set forth conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants deny any

allegations in Paragraph 50 that are inconsistent with or contrary to applicable laws and refer to the applicable laws for their full text, terms, and meaning.

51. Paragraph 51 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 51 that are inconsistent with or contrary to applicable laws and refer to the applicable laws for their full text, terms, and meaning.

52. Paragraph 52 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 52 that are inconsistent with or contrary to applicable laws and refer to the applicable laws for their full text, terms, and meaning.

### ANSWERING "COUNT ONE – CRA, 52 U.S.C. § 20703"

53. In response to the allegations of Paragraph 53 of the Complaint, Defendants repeat and reallege the foregoing responses.

54. Defendants admit the allegations in Paragraph 54 of the Complaint.

55. Defendants admit the allegations in Paragraph 55 of the Complaint.

56. Defendants admit the allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 57 that are inconsistent with or contrary to applicable laws and refer to the applicable laws for their full text, terms, and meaning.

### ANSWERING "COUNT TWO – NVRA, 52 U.S.C. § 20507(i)"

58. In response to the allegations of Paragraph 58 of the Complaint, Defendants repeat and reallege the foregoing responses.

59. Paragraph 59 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 59 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 59 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

60. Paragraph 60 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 60 of the Complaint also purports to describe the contents of the HAVA and NVRA, which speak for themselves. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 60 that are inconsistent with or contrary to the HAVA or the NVRA and refer to the statutes for their full text, terms, and meaning.

61. Paragraph 61 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 61 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 61 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

62. Defendants admit the allegations in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 63 of the Complaint also purports to describe the contents of the NVRA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 63 that are inconsistent with or contrary to the NVRA and refer to the statute for its full text, terms, and meaning.

64. Paragraph 64 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants deny any allegations

in Paragraph 64 that are inconsistent with or contrary to applicable law and refer to the applicable law for its full text, terms, and meaning.

### ANSWERING "COUNT THREE – HAVA, 52 U.S.C. § 21083"

65. In response to the allegations of Paragraph 65 of the Complaint, Defendants repeat and reallege the foregoing responses.

66. Paragraph 66 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 66 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 66 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

67. Paragraph 67 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 67 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 67 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

68. Paragraph 68 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 68 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 68 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

69. Paragraph 69 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. Paragraph 69 of the Complaint also purports to describe the contents of the HAVA, which speaks for itself. To the extent a response is deemed required, Defendants deny any

allegations in Paragraph 69 that are inconsistent with or contrary to the HAVA and refer to the statute for its full text, terms, and meaning.

70. Paragraph 70 of the Complaint sets forth a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants deny any allegations in Paragraph 70 that are inconsistent with or contrary to applicable law and refer to the applicable law for its full text, terms, and meaning.

71. Defendants deny all allegations of the Complaint not expressly admitted herein.

Dated: December 30, 2025
      Albany, New York

*/s/ Nicholas J. Faso*
Nicholas J. Faso, Esq.
Bar No.: 518429
Cullen and Dykman LLP
80 State Street, Suite 900
Albany, New York 12207
Phone: (518) 788-9416
Fax: (518) 689-9519
nfaso@cullenllp.com

*Counsel for Defendants*
*Peter Kosinski,*
*Anthony Casale, and*
*Raymond Riley, III*