# EXHIBIT 4



Peter S. Kosinski
 Co-Chair

Anthony J. Casale
 Commissioner

Raymond J. Riley, III
 Co-Executive Director

40 NORTH PEARL STREET, SUITE 5
ALBANY, N.Y. 12207-2109
Phone: 518/474-8100    Fax: 518/486-4068
http://www.elections.ny.gov

Henry T. Berger
 Co-Chair

Essma Bagnuola
 Commissioner

Kristen Zebrowski Stavisky
 Co-Executive Director

August 29, 2025

Maureen Riordan
Acting Chief, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW – 4CON
Washington, DC 20530

Dear Ms. Riordan:

In response to your letter dated June 30, 2025, and the requests therein related to New York State's compliance with the Help America Vote Act (HAVA), we provide the following response:

### 1. New York State's compliance with HAVA Section 303.

New York State is fully compliant with Section 303 of HAVA. N.Y. Election Law § 5-200 *et seq.* describe in detail the voter registration procedure in New York State, whether that registration application is received via a local board of elections or a New York State agency (including, but not limited to, the Department of Motor Vehicles). Similarly, New York State provides for a statewide voter registration list in N.Y. Election Law § 3-103, including computerized record keeping systems and the sharing of information contained within said databases. Specifically, Election Law § 5-614 provides for "one official record of the registration of each voter." New York Code of Rules and Regulations provides considerable detail as to the processing of applications and required list maintenance. *See* 9 NYCRR 6217.1 *et seq.*

### 2. Process by which a voter is assigned a unique identifier.

New York State's single official voter registration list, known as NYSVoter, assigns a unique identifier to each voter, as provided for by N.Y. Election Law § 5-614(3)(c). Local

boards of elections may also use county identification numbers, but each voter record has an official, unique state identification number. *See* 9 NYCRR 6217.1 *et seq.*

### 3. Coordination with other state databases.

The coordination with other state databases is described in N.Y. Election Law § 5-210 (Veterans' Affairs); § 5-614; § 5-708; and 9 NYCRR 6217.10 (Department of Health, Office of Court Administration). *See also* N.Y. Election Law §§ 5-708 and 5-900 *et seq.* (requiring coordination with various entities).

### 4. Duplicate removals.

New York State, through local boards of elections, removes duplicate registrations identified by the statewide voter registration system. The process is described in detail at 9 NYCRR 6217.8, with identification of potential duplicate voters described as follows: "NYSVoter shall identify possible duplicate voter registrations in near real time at or near the time of data entry for all registration application transactions based upon a match of an applicant's first three letters of the first name and the first five letters of the last name, date of birth, and, if available, the unique identification number, or the New York State Department of Motor Vehicles driver license or non-driver number or last four digits of the voter's social security number. An image of the potential duplicate voter's signature shall be made available to the county boards for comparison."

### 5. Felony removals.

New York State does not allow felons who are incarcerated to exercise the franchise. These voters are removed from the voter rolls as described in 9 NYCRR 6217.10(d) upon notification from the Office of Court Administration. *See also* N.Y. Election Law § 5-708.

### 6. Removal of decedents.

New York State likewise removes deceased voters from the rolls as described in 9 NYCRR 6217.10(d) upon notification from the New York State Department of Health and/or the New York City Department of Health and Mental Health. *See also* Election Law § 5-708.

### 7. Technological security measures.

New York State election law requires adequate technology security measures to secure its voter registration and other vital systems. *See, e.g.,* Election Law § 5-614 (13). In addition, 9 NYCRR 6220.1 *et seq.* Describes in great detail "Cyber Security Requirements for Boards of Elections," requiring robust requirements in order to protect elections cyber infrastructure, including of the statewide voter registration system.

### 8. Out of state moves.

New York State provides notice to other states of newly registered New York voters who have moved into New York, and New York State likewise acts on notices from other states that a previously registered New York voter has now registered in such other state. *See* N.Y. Election Law § 5-400(2)(d) (requiring removal of voters who have moved to another state). *See also* N.Y. Election Law § 5-704 (requiring notification to other states); 5-708 (referencing interaction with the National Change of Address system).

### 9. Removal of voters from voter rolls due to ineligibility.

New York law requires removal of voters from the voter rolls who are not eligible to vote for any statutory reason. *See* N.Y. Election Law §§ 5-102 through 5-106 (establishing qualifications of voters). See also N.Y. Election Law §5-700 *et seq.* ("Checks Against Fraudulent Practices").

### 10. Voter registration applications.

All of the application/registration documents requested can be found on the New York State Board of Elections' website here: https://elections.ny.gov/voter-registration-process. This page also includes the link to our Online Voter Registration Portal.

### 11. Verification process.

The registration verification process in New York State is described in detail in both N.Y. Election Law § 5-210 and 9 NYCRR 6217.6.

### 12. Agreement with New York State's Department of Motor Vehicles (DMV).

Please see the attached document.

**13. DMV's agreement with the Social Security Administration (SSA).**

The New York State Board of Elections is not in possession of this document. We respectfully suggest that you request it from the Social Security Administration.

**14. First time voters by mail.**

New York State is fully compliant with HAVA requirements related to first time registrants by mail. *See* N.Y. Election Law § 8-303 (initial voter identification for first-time federal voters by mail); § 8-302 (verification of voter registration generally); § 5-210 ("Registration and enrollment and change of enrollment upon application").

**15. Statewide voter registration list.**

The New York State Board of Elections is a bipartisan agency, typically requiring agreement between agency leadership of both parties to take action. Unlike the foregoing responses, we do not have a consensus view on responding to this request. Two responses, from Democratic and Republican Party counsel, respectively, are attached.

**16. Conclusion.**

If you have any further questions, please feel free to contact us in writing, as you have before. We will attempt to respond to any future requests with due promptness.

Very Truly Yours,

_____
Brian L. Quail
Co-Counsel

_____
Kevin G. Murphy
Co-Counsel

New York State Department of Motor Vehicles and
New York State Board of Elections

HAVV (Help America Vote Verification) Agreement

WHEREAS: In accordance with the requirements of the federal Help America Vote Act of 2002 (HAVA), the county boards of elections in New York State are collecting voter registration applications that include the last four digits of the applicant's social security number (SSN), when the applicant does not possess a New York State driver license, and are supplying this information to the New York State Board of Elections (SBOE) for inclusion in a statewide voter registration database;

AND

WHEREAS: HAVA requires that the chief State election official and the State motor vehicle authority enter into an agreement whereby the Department of Motor Vehicles (DMV) will forward information from voter registration applications received from SBOE to the Social Security Administration (SSA) through American Association of Motor Vehicle Administrators (AAMVA) for the purpose of verifying the accuracy of the information provided;

NOW, THEREFORE, it is agreed between the New York State Board of Elections (SBOE) and the Department of Motor Vehicles (DMV), as the parties in this Agreement, that:

DMV agrees to provide a service to SBOE by transmitting the last four digits of the social security number and other information submitted on a voter registration application to the SSA for purposes of verifying the information as described below:

**OVERVIEW**

SBOE will forward voter registration applicant information to DMV, which will include the last four digits of the SSN. DMV will then forward this information to AAMVA which will, forward it to the SSA. The SSA will verify the information against its Master Files of Social Security Number Holder and Applications database and will return a response code to AAMVA which will indicate the result of the attempt to match the applicant information with the database. AAMVA will return that response to DMV, and DMV will return the response to SBOE. In order to perform the above functions, it is necessary for DMV to enter into an agreement with SSA, by MOU, and a contract with AAMVA, in addition to this MOU between DMV and SBOE. DMV will follow the SSA and AAMVA standards and guidelines necessary to the working of this program.

**USER ACCOUNT AND AUTHENTICATION**

Every verification request will be authenticated by DMV. Therefore, each request must include a valid user-ID and password. SBOE will use an existing batch user-ID account that was

established by DMV for CID verification. DMV will add a new application ID for this transaction in VPASS, DMV's password maintenance system. SBOE is responsible for ensuring that the account is used only for HAVA permissible uses and that the account contains accurate and up to date user information and is otherwise maintained in accordance with DMV standards and requirements for such accounts. DMV will provide SBOE with an application for maintaining the account.

SBOE must require each county board of elections to assign an individual user-ID and the county board of elections must validate that individual user-ID before sending the verification request to SBOE for transmission to DMV. SBOE must include the county assigned user-ID with the verification request. DMV will store but will not validate the county assigned user-ID.

## FUNCTIONALITY TO BE PROVIDED

SBOE will send a request to DMV including the applicant's name, date of birth, and the last 4 digits of the individual's SSN. SBOE will format the data according to SSA specifications and DMV will pass the data to SSA via AAMVA. When the response is returned from SSA through AAMVA the response will be passed back to SBOE.

DMV will develop a web service to forward the transaction over the existing AAMVA network. Each transaction will be handled as it is received both from SBOE and from AAMVA. However, DMV has no control over SSA or AAMVA systems and cannot guarantee a response time.

DMV will support the system during normal state business hours.

DMV will not build in any retransmission logic. If the system is not available between DMV and SSA, the transaction will time out and a message will be returned to SBOE that the transaction failed.

DMV will provide a ping function for purposes of checking system availability. If SBOE wishes to check the SSA availability, SBOE must submit a dummy transaction. If the system is not available, SBOE should cease transmissions until it ascertains whether the system is available.

SBOE will submit a transaction to the DMV web service in a structure, not in an XML document.

SBOE agrees to use this web service only for the purpose of verifying voter registration information provided to a county board of elections.

SBOE acknowledges that DMV has the right to audit SBOE and to perform all necessary audit steps to ensure that this web service is being used only as authorized by this agreement. SBOE agrees to make records supporting their usage available to DMV's audit staff.

This agreement does not establish or imply any warranties for the performance of the web service, such as its availability, capacity, response time or any other terms or conditions

generally included in a Service Level Agreement. Further, information related to the specific operational procedures, guidelines and technical requirements for use of the service will be addressed in a separate specifications document.

**AMENDMENT**

This Agreement may only be modified by written mutual consent.

Both parties agree to promptly modify this Agreement as necessary to comply with any and all pertinent federal and state statutes.

<u>Term and Termination</u>

This MOU will continue in effect until terminated or replaced by a successor MOU

**LIMITATION OF LIABILITY**

DMV shall not be liable to SBOE and SBOE shall not be liable to DMV for any damages including, but not limited to, direct, indirect, consequential, incidental or special damages, lost savings, loss of goodwill or otherwise, or for exemplary damages in connection with the information DMV provides to SBOE pursuant to this agreement.

IN WITNESS WHEREOF the undersigned representatives:

By: *[signature: Stanley Y Zalen]*     By: _____

For: NYS Board of Elections            For: NYS Department of Motor Vehicles

Name: Stanley L. Zalen                 Name:

Title: Executive Director              Title:
       NYS Board of Elections

Date: June 22, 2006                    Date:

By: *[signature]*

For: NYS Board of Elections

Name:   Peter S. Kosinski

Title:  Executive Director
        NYS Board of Elections

Date:   June 22, 2006

---

Memorandum Of Understanding for HAVV Verification
Page 3 (of 3)



Peter S. Kosinski
Co-Chair

Anthony J. Casale
Commissioner

Raymond J. Riley, III
Co-Executive Director

40 NORTH PEARL STREET, SUITE 5
ALBANY, N.Y. 12207-2109
Phone: 518/474-8100   Fax: 518/486-4068
http://www.elections.ny.gov

Henry T. Berger
Co-Chair

Essma Bagnuola
Commissioner

Kristen Zebrowski Stavisky
Co-Executive Director

August 29, 2025

Maureen Riordan
Acting Chief, Voting Section
Civil Rights Division
US Department of Justice
950 Pennsylvania Avenue, NW-4CON
Washington, DC  20530

Dear Ms. Riordan:

  The Democratic Commissioners of the New York State Board of Elections, like election officials in most other jurisdictions across the country, cannot approve the release of voter files containing social security numbers and Department of Motor Vehicle identification numbers. Under New York Law, no portion of the social security number or DMV number is available for public disclosure. *See* N.Y. Election Law § 3-220(1); N.Y. Public Officers' § Law 96a.

  The United States Department of Justice may request the appropriately redacted, public statewide voter registration list pursuant to New York's Freedom of Information Law. The convenient online portal and required attestation of election-related purposes with respect to the requested voter files are located here: https://elections.ny.gov/freedom-information-requests-foil. The request may be submitted via the "Submit a FOIL Request" button.

  Any request duly made will be processed in the normal course, and in full compliance with 52 USC 20507(i)(1). *See Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 56 (1st Cir. 2024) (noting federal law "does not require the disclosure of sensitive information that implicates privacy concerns…"). Moreover, federal courts have held states can redact social security numbers "in the voter registration application before public disclosure…[a]ccordingly, the proper redaction of certain personal information in the Voter File can further assuage the potential privacy risks implicated…." *Id*. And, of course, HAVA contains no disclosure or administrative document request provisions that would expand on the scope required under the NVRA. *See* 52 USC 21111.

It must be further noted that none of the authorities cited in your letters articulate a right to *unredacted* voter file information, and other federal laws prohibit its disclosure to the Department. *See, eg*, 18 USC § 2721 (b) (1) (Drivers Privacy Protection Act); 5 USC § 552 *et seq*. (requiring a System of Records Notice[1] which satisfies various procedural and substantive requirements and which would be required given the fact that, among other things, and upon information and belief, the Department of Justice has never before amalgamated unredacted voter files across multiple states, notwithstanding decades of enforcement history spanning administrations of both major political parties).

The Democratic Commissioners remain firmly committed to providing the Department of Justice any and all information necessary and proper to assess New York's compliance with federal laws. The New York State Board of Elections has a proud history of cooperation with the United States Department of Justice. To that end we are prepared upon proper request to provide the New York voter file with any portion of social security numbers and drivers' license numbers not included.

Very Truly Yours,

Brian L. Quail
Counsel

---

[1] A System of Records Notice is a public notification, required by the federal Privacy Act of 1974, that describes how a federal agency collects, stores, and maintains Personally Identifiable Information (PII) retrieved by a unique identifier. These notices are published in the Federal Register and outline the purpose of the data collection, the type of information gathered, how it's used and shared, and the process for individuals to access or amend their records.



Peter S. Kosinski
Co-Chair

Anthony J. Casale
Commissioner

Raymond J. Riley III
Co-Executive Director

40 NORTH PEARL STREET, SUITE 5
ALBANY, N.Y. 12207-2109
Phone: 518/474-8100   Fax: 518/486-4068
http://www.elections.ny.gov

Henry T. Berger
Co-Chair

Essma Bagnuola
Commissioner

Kristen Zebrowski Stavisky
Co-Executive Director

August 29, 2025

Maureen Riordan
Acting Chief, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave, NW – 4CON
Washington, DC 20530

Dear Ms. Riordan:

As stated in our previous agency response, the New York State Board of Elections is a bipartisan agency, typically requiring agreement between agency leadership of both parties to take official action. We do not have a consensus view on an agency response to your request for a complete statewide voter registration list, including driver's license numbers and the last four digits of Social Security numbers. As such, this letter serves as the Republican staff position.

We maintain that the information requested relating to the statewide voter registration list can and should be provided in its entirety, with an understanding that all personal identifying information contained within any version of this list be protected from public disclosure under all relevant provisions of both New York State and federal law.

The U.S. Department of Justice, in our view, has inherent authority to review an individual state's voter registration list as the federal agency tasked with enforcement of both HAVA and the NVRA. Both programs touch upon numerous critical components of the voter registration process, with HAVA, in particular, creating mandatory minimum standards for individual states relating to statewide voter registration lists.

While N.Y. Election Law § 3-220(1) does explicitly state that "a voter's driver's license number, department of motor vehicle non-driver photo ID number, social security number and facsimile number shall not be released for public inspection," we suggest that relying on this provision (1) ignores the major distinction between a Social Security Number and the last four digits thereof; and (2) perhaps more importantly, equates the DOJ request with one made under the Freedom of Information Law by a member of the public.

As we do not have consensus as an agency to provide the information requested, we are unable to fulfill these requests at this time.

A statewide voter registration list that includes neither driver's license numbers nor any portion of Social Security numbers will be provided in response to a FOIL request filed with our agency through our GovQA online FOIL Request Portal, which can be found at https://electionsny.govqa.us/WEBAPP/_rs/. We believe that this is in line with the Democratic staff position.

Please do not hesitate to contact our office if you have any further questions or require additional information.

Very truly yours,

Kevin G. Murphy
Co-Counsel