## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK
## SYRACUSE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF ELECTIONS OF THE STATE OF NEW YORK; KRISTEN ZEBROWSKI STAVISKY, in her official capacity as Co-Executive Director of the Board of Elections of the State of New York; RAYMOND RILEY, III, in his official capacity as Co-Executive Director of the Board of Elections of the State of New York; PETER KOSINSKI, in his official capacity as Commissioner of the Board of Elections of the State of New York; HENRY BERGER, in his official capacity as Commissioner of the Board of Elections of the State of New York; ANTHONY CASALE, in his official capacity as Commissioner of the Board of Elections of the State of New York; ESSMA BAGNUOLA, in her official capacity as Commissioner of the Board of Elections of the State of New York; and the STATE OF NEW YORK,<br><br>Defendants. | No. 1:25-CV-1338 (MAD/PJE)<br><br><br>**DECLARATION OF ERIC NEFF IN SUPPORT OF THE UNITED STATES' CROSS-MOTION TO COMPEL PRODUCTION OF RECORDS PURSUANT TO 52 U.S.C. § 20701, et seq. AND IN OPPOSITION TO MOTIONS TO DISMISS (DOCS. 73-74, 76-77)** |

## DECLARATION

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1.      I am currently Acting Chief to the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States's cross-motion to compel production

of election records pursuant to Title III of the Civil Rights Act of 1960 codified at 52 U.S.C. § 20701, *et seq*. and in opposition to the motions to dismiss (Docs. 73-74, 76-77).

2.    The Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq*., requires each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements. *See* 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

3.    The National Voter Registration Act ("NVRA"), likewise requires that states maintain "accurate and current voter rolls" and to remove ineligible voters in the conduct of federal elections. *See* 20507(b), 20507(a)(4). The NVRA authorizes the Attorney General to enforce these requirements. *See* 52 U.S.C. § 20510(a). This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

4.    On June 30, 2025, the Civil Rights Division sent a request pursuant to 52 U.S.C. § 21083(a)(2) to the Honorable Kristen Zebrowski Stavisky and the Honorable Raymond Riley, III, Co-Executive Directors of New York's State Board of Elections, requesting, *inter alia*, an electronic copy of New York's statewide voter registration list ("SVRL"), containing all fields. A true and accurate copy of that letter is attached as Exhibit 1.

5.    On July 24, 2025, legal counsel for Co-Executive Directors Zebrowski Stavisky and Riley sent a letter in acknowledgment, stating they anticipated responding by the end of August. A true and accurate copy of that letter is attached as Exhibit 2.

6.    On August 14, 2025, the Attorney General sent a follow-up letter to Co-Executive Directors Zebrowski Stavisky and Riley detailing the Department's authority to request a copy of

2

New York's SVRL under Section 401 of HAVA and addressed privacy protections ("August 14 Letter"). A true and accurate copy of that letter is attached as Exhibit 3.

7.      In the August 14 Letter the Attorney General made a demand pursuant to the Civil Rights Act, for the electronic copy of the SVRL specifying that it includes each registrant's Driver's License number or last four digits of the social security number ("SSN4") as required by HAVA for federal registration.

8.      The August 14 Letter also informed Co-Executive Directors Zebrowski Stavisky and Riley that the purpose of the demand for these records was to ascertain New York's compliance with the list maintenance requirements of federal laws, specifically HAVA and the NVRA.

9.      The August Letter further explained that HAVA specifies that "the last four digits of a social security number... shall not be considered to be a social security number for purposes of Section 7 of the Privacy Act of 1974 (5 U.S.C. § 522a note)." 52 U.S.C. § 21083. The demand also instructed that any prohibition of disclosure of a motor vehicle record contained in the Driver's Privacy Protection Act, codified at 18 U.S.C. §2721(b)(1), is exempted, when the disclosure is for use by a government agency in carrying out the agency's enforcement authority, which the Department of Justice is now endeavoring to do.

10.      The August 14 Letter also explained to Co-Executive Directors Zebrowski Stavisky and Riley that the Attorney General would keep all data received secure and treat it consistently with the Privacy Act. The Justice Department's requests came with instructional information for the secure transmission of the statewide VRLs to the Justice Department by way of encryption.

11.      On August 29, 2025, legal counsel for Co-Executive Directors Zebrowski Stavisky and Riley replied to the combined requests from the United States. That letter stated that there was

a partisan split on the Board of Elections on the request for the nonpublic federal election records including the SVRL. A true and accurate copy of that letter is attached as Exhibit 4.

12.    On August 29, 2025, legal counsel for the Democratic members of the Board of Elections maintained that only the public list, which did not include the HAVA identifying numbers (the driver's license or SSN4) should be shared. A true and accurate copy of that letter is attached as Exhibit 5.

13.    On August 29, 2025, legal counsel for the Republican members of the Board of Elections maintained that the SVRL should be provided in its entirety, with the understanding that personally identifiable information be protected from public disclosure under applicable provisions of federal and state law. A true and accurate copy of that letter is attached as Exhibit 6.

14.    Because of the partisan split, New York only offered to share the public version of the SVRL with the United States.

15.    A true and accurate copy of the 2008 Memorandum of Understanding between the United States and the State of Texas to produce Texas's SVRL is attached as Exhibit 7.

16.    A true and accurate copy of the Complaint in *United States v. Georgia et al.*, No. No. 1:06-cv-02442 (N.D. Ga. filed Oct. 12, 2006), Doc. 1, is attached as Exhibit 8.

17.    A true and accurate copy of the Consent Judgment and Decree in *United States v. Georgia et al.*, No. No. 1:06-cv-02442 (N.D. Ga. filed Oct. 27, 2006), Doc. 4, is attached as Exhibit 9.

18.    The United States has offered states an opportunity to enter into a memorandum of understanding, or MOU, to address any reasonable privacy concerns without impeding the Attorney General's authority to enforce federal law. The MOU memorializes the requirements of federal privacy law and the United States.

4

19.    As of January 6, five states have provided their SVRLs without any MOU. Two states – Texas and Alaska – have agreed to provide their SVRL under the terms of the MOU. Seven other states have indicated their intention to provide the SVRLs in the near future.

I declare under the penalty of perjury that the above statements are true and correct. Executed on January 6, 2026.

Dated: January 6, 2026, at Washington, DC.

_/s/ Eric Neff_
Eric Neff

# Exhibit 1



**U.S. Department of Justice**

Civil Rights Division

*Voting Section*
*950 Pennsylvania Ave, NW   4CON*
*Washington, DC  20530*

June 30, 2025

The Honorable Kristen Zebrowski Stavisky
The Honorable Raymond Riley, III
Co-Executive Directors, State Board of Elections
40 North Pearl Street, Suite 5
Albany, NY 12207-2729
kristen.zebrowski.stavisky@elections.ny.gov
raymond.riley@elections.ny.gov

Dear Executive Director Zebrowski Stavisky and Executive Director Riley:

The Help America Vote Act ("HAVA") establishes minimum standards for states to follow in several key aspects of administration of federal elections, including voting systems, provisional ballots, voter information posters on election days, first-time voters who register to vote by mail, and statewide voter registration databases. HAVA is codified at 52 U.S.C. §§ 20901 to 21145. In particular, HAVA imposes certain list maintenance obligations on states as part of the uniform statewide database requirements of Section 303(a)(2) of HAVA, 52 U.S.C. § 21083(a)(2), including coordinating the computerized statewide voter registration list ("statewide voter registration list") with state agency records on felony status and death.

Please provide the following information regarding the State's HAVA compliance:

(1)   Describe how the State processes new applications to register to vote for elections for federal office, as required by HAVA Section 303.

(2)   Describe the process by which New York assigns a unique identifier to each legally registered voter in New York, as required by HAVA Section 303(a)(1)(A).

(3)   Describe how the statewide voter registration list is coordinated with the databases of other state agencies, as required by HAVA Section 303(a)(1)(A). Provide the name of each state database used for coordination, and describe the procedures used for the coordination as well as how often the databases are coordinated with the statewide voter registration list.

(4)   Describe the process by which any duplicate voter registrations are identified and removed from the statewide voter registration list under HAVA Section 303(a)(2)(B)(iii). Please include an explanation of how the State determines what constitutes a duplicate voter registration record.

(5)   Describe the process by which voters who have been convicted of a felony are identified and, if applicable under state law, removed from the statewide voter registration list under HAVA Section 303(a)(2)(A)(ii)(I).

(6)  Describe the process by which deceased registrants are identified and removed from the statewide voter registration list under HAVA Section 303(a)(2)(A)(ii)(II).

(7)  Describe all technological security measures taken by the State to prevent unauthorized access to the statewide voter registration list, as required by HAVA Section 303(a)(3).

(8)  Describe the process by which voters who have moved outside the State and subsequently register to vote in another state are identified and removed from the statewide voter registration list, under HAVA Section 303(a)(4)(A).

(9)  Describe the process by which registrants who are ineligible to vote due to non-citizenship are identified and removed from the statewide voter registration list.

(10) HAVA requires states to verify voter registration information by mandating that applicants provide certain information under HAVA Section 303(a)(5). Please provide a copy of the voter registration application(s) utilized for in-person voter registration, a link to the State's online voter registration application, and, if applicable, the voter registration application used for same-day registration.

(11) Please describe the verification process under HAVA Section 303(a)(5) that election officials perform to verify the required information supplied by the registrant. Please describe what happens to the registration application if the information cannot be verified.

(12) Provide a copy of the current agreement, under HAVA Section 303(a)(5)(B)(i), between the chief State election official and the State's motor vehicle authority.

(13) Provide a copy of the current agreement between the official responsible for the State's motor vehicle authority and the Commissioner of Social Security Administration under HAVA Section 303(a)(5)(B)(ii).

(14) Under HAVA Section 303(b), describe the State's requirements for an individual to vote if the individual registered to vote by mail and has not previously voted in an election for federal office in the State.

(15) Please send us New York's current statewide voter registration list. Please include both active and inactive voters.

Please provide this information within 20 days of the date of this letter. The information and materials may be sent by encrypted email to voting.section@usdoj.gov or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS).

If you have any questions, please email voting.section@usdoj.gov. We very much appreciate your cooperation in our nationwide efforts to monitor HAVA compliance.

Sincerely,

Maureen Riordan
Acting Chief, Voting Section
Civil Rights Division

Michael E. Gates
Deputy Assistant Attorney General
Civil Rights Division

cc:    Henry Berger
       Peter Kosinski
       Co-Chairs, State Board of Elections
       40 North Pearl Street, Suite 5
       Albany, NY 12207-2729

3

# Exhibit 2



Peter S. Kosinski
Co-Chair

Anthony J. Casale
Commissioner

Raymond J. Riley, III
Co-Executive Director

**Board of Elections**

40 NORTH PEARL STREET, SUITE 5
ALBANY, N.Y. 12207-2109
Phone: 518/474-8100  Fax: 518/486-4068
http://www.elections.ny.gov

Henry T. Berger
Co-Chair

Essma Bagnuola
Commissioner

Kristen Zebrowski Stavisky
Co-Executive Director

July 24, 2025

Maureen Riordan, Acting Chief, Voting Section
US Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW-4CON
Washington, DC  20530

Dear Ms. Riordan:

The New York State Board of Elections acknowledges receipt of your letter dated June 30, 2025.

At this time, the Board is reviewing the fifteen inquiries contained in the letter.

We write to advise that we anticipate responding by the end of August.

Sincerely,

Brian L. Quail
Office of Counsel

Kevin G. Murphy
Office of Counsel

US POSTAGE
PITNEY BOWES

ZIP 12207
02 4W
0000364411 JUL 24 2025

$ 000.74 0

State of New York
STATE BOARD OF ELECTIONS



40 N Pearl Street, Ste. 5
Albany, NY 12207-2729

X-RAYED #4

AUG 0 5 2025

DOJ MAIL ROOM

Maureen Riordan
U.S. Department of Justice
Civil Rights Division, Voting Section
950 Pennsylvania Avenue, NW-4CON
Washington, DC  20530

# Exhibit 3



**U.S. Department of Justice**

Civil Rights Division

---

*Office of the Assistant Attorney General*                              *Washington, D.C. 20530*

August 14, 2025

<u>Via Mail and Email</u>

The Honorable Kristen Zebrowski Stavisky
The Honorable Raymond Riley, III
Co-Executive Directors, State Board of Elections
40 North Pearl Street, Suite 5
Albany, NY 12207-2729
kristen.zebrowski.stavisky@elections.ny.gov
raymond.riley@elections.ny.gov

Re:    **Complete New York's Voter Registration List with All Fields**

Executive Director Zebrowski Stavisky and Executive Director Riley:

We understand that the time the Justice Department has provided your state to respond to the request for a statewide voter registration list ("VRL") and other information has not reached its deadline.

Given responses from other states thus far, we want to clarify that the Justice Department's request to provide an electronic copy of the statewide VRL should contain *all fields*, which means, your state's VRL must include the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA")[1] to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i).

We have requested New York's VRL to assess your state's compliance with the statewide VRL maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501, *et seq.* Our request is pursuant to the Attorney General's authority under Section 11 of the NVRA to bring enforcement actions. *See* 52 U.S.C. § 20501(a).

---

[1] In charging the Attorney General with enforcement of the voter registration list requirements in the HAVA and in the NVRA, Congress plainly intended that DOJ be able to conduct an independent review of each state's list. Any statewide prohibitions are clearly preempted by federal law.

The Help America Vote Act ("HAVA"), 52 U.S.C. § 20501, *et seq.*, also provides authority for the Justice Department to seek the State's VRL via Section 401, which makes the Attorney General solely responsible for actions to enforce HAVA's computerized statewide voter registration list requirements. *See* 52 U.S.C. § 21111; *see also Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008) (*per curiam*) (finding there is no private right of action to enforce those requirements in HAVA).

In addition to those authorities, the Attorney General is also empowered by Congress to request records pursuant to Title III of the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. § 20701, *et seq.* Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of 22 months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

Section 303 of the CRA provides, in pertinent part, "Any record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…" 52 U.S.C. § 20703.

Pursuant to the foregoing authorities, including the CRA, the Attorney General is demanding an electronic copy of New York's complete and current VRL. The purpose of the request is to ascertain New York's compliance with the list maintenance requirements of the NVRA and HAVA.

When providing the electronic copy of the statewide VRL, New York must ensure that it contains *all fields*, which includes either the registrant's full name, date of birth, residential address, his or her state driver's license number, or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA")[2] to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i).

To the extent there are privacy concerns, the voter registration list is subject to federal privacy protections. Section 304 of the CRA provides the answer:

Unless otherwise ordered by a court of the United States, neither the Attorney General nor any employee of the Department of Justice, nor any other representative of the Attorney General, shall disclose any record or paper produced pursuant to this chapter, or any reproduction or copy, except to Congress and any committee thereof, governmental agencies, and in the presentation of any case or proceeding before any court or grand jury.

HAVA specifies that the "last 4 digits of a social security number . . . shall not be considered a social security number for purposes of section 7 of the Privacy Act of 1974" (5 U.S.C. § 552a note); 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained

---

[2] In charging the Attorney General with enforcement of the voter registration list requirements in HAVA and in the NVRA, Congress plainly intended that DOJ be able to conduct an independent review of each state's list. Any statewide prohibitions are clearly preempted by federal law.

in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Justice Department is now doing. That said, all data received from you will be kept securely and treated consistently with the Privacy Act.

To that end, please provide the requested electronic Voter Registration List[3] to the Justice Department by the date set for your delivery by our original letter, or by August 21, 2025, whichever is later.

The information and materials may be sent by encrypted email to voting.section@usdoj.gov or via the Department's secure file-sharing system, Justice Enterprise File Sharing ("JEFS"). Should further clarification be required, please contact Maureen Riordan at maureen.riordan2@usdoj.gov.

Regards,

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division

cc:    Henry Berger
       Peter Kosinski
       Co-Chairs, State Board of Elections
       40 North Pearl Street, Suite 5
       Albany, NY 12207-2729
       info@elections.ny.gov

---

[3] Containing *all fields*, which includes either the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required by HAVA.

# Exhibit 4



Peter S. Kosinski
Co-Chair

Anthony J. Casale
Commissioner

Raymond J. Riley, III
Co-Executive Director

**NEW YORK STATE | Board of Elections**

40 NORTH PEARL STREET, SUITE 5
ALBANY, N.Y. 12207-2109
Phone: 518/474-8100    Fax: 518/486-4068
http://www.elections.ny.gov

Henry T. Berger
Co-Chair

Essma Bagnuola
Commissioner

Kristen Zebrowski Stavisky
Co-Executive Director

August 29, 2025

Maureen Riordan
Acting Chief, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW – 4CON
Washington, DC 20530

Dear Ms. Riordan:

In response to your letter dated June 30, 2025, and the requests therein related to New York State's compliance with the Help America Vote Act (HAVA), we provide the following response:

**1. New York State's compliance with HAVA Section 303.**

New York State is fully compliant with Section 303 of HAVA. N.Y. Election Law § 5-200 *et seq.* describe in detail the voter registration procedure in New York State, whether that registration application is received via a local board of elections or a New York State agency (including, but not limited to, the Department of Motor Vehicles). Similarly, New York State provides for a statewide voter registration list in N.Y. Election Law § 3-103, including computerized record keeping systems and the sharing of information contained within said databases. Specifically, Election Law § 5-614 provides for "one official record of the registration of each voter." New York Code of Rules and Regulations provides considerable detail as to the processing of applications and required list maintenance. *See* 9 NYCRR 6217.1 *et seq.*

**2. Process by which a voter is assigned a unique identifier.**

New York State's single official voter registration list, known as NYSVoter, assigns a unique identifier to each voter, as provided for by N.Y. Election Law § 5-614(3)(c). Local

boards of elections may also use county identification numbers, but each voter record has an official, unique state identification number. *See* 9 NYCRR 6217.1 *et seq.*

### 3. Coordination with other state databases.

The coordination with other state databases is described in N.Y. Election Law § 5-210 (Veterans' Affairs); § 5-614; § 5-708; and 9 NYCRR 6217.10 (Department of Health, Office of Court Administration). *See also* N.Y. Election Law §§ 5-708 and 5-900 *et seq.* (requiring coordination with various entities).

### 4. Duplicate removals.

New York State, through local boards of elections, removes duplicate registrations identified by the statewide voter registration system. The process is described in detail at 9 NYCRR 6217.8, with identification of potential duplicate voters described as follows: "NYSVoter shall identify possible duplicate voter registrations in near real time at or near the time of data entry for all registration application transactions based upon a match of an applicant's first three letters of the first name and the first five letters of the last name, date of birth, and, if available, the unique identification number, or the New York State Department of Motor Vehicles driver license or non-driver number or last four digits of the voter's social security number. An image of the potential duplicate voter's signature shall be made available to the county boards for comparison."

### 5. Felony removals.

New York State does not allow felons who are incarcerated to exercise the franchise. These voters are removed from the voter rolls as described in 9 NYCRR 6217.10(d) upon notification from the Office of Court Administration. *See also* N.Y. Election Law § 5-708.

### 6. Removal of decedents.

New York State likewise removes deceased voters from the rolls as described in 9 NYCRR 6217.10(d) upon notification from the New York State Department of Health and/or the New York City Department of Health and Mental Health. *See also* Election Law § 5-708.

**7.  Technological security measures.**

New York State election law requires adequate technology security measures to secure its voter registration and other vital systems. *See, e.g.,* Election Law § 5-614 (13). In addition, 9 NYCRR 6220.1 *et seq*. Describes in great detail "Cyber Security Requirements for Boards of Elections," requiring robust requirements in order to protect elections cyber infrastructure, including of the statewide voter registration system.

**8.  Out of state moves.**

New York State provides notice to other states of newly registered New York voters who have moved into New York, and New York State likewise acts on notices from other states that a previously registered New York voter has now registered in such other state. *See* N.Y. Election Law § 5-400(2)(d) (requiring removal of voters who have moved to another state). *See also* N.Y. Election Law § 5-704 (requiring notification to other states); 5-708 (referencing interaction with the National Change of Address system).

**9.  Removal of voters from voter rolls due to ineligibility.**

New York law requires removal of voters from the voter rolls who are not eligible to vote for any statutory reason. *See* N.Y. Election Law §§ 5-102 through 5-106 (establishing qualifications of voters). See also N.Y. Election Law §5-700 *et seq*. ("Checks Against Fraudulent Practices").

**10. Voter registration applications.**

All of the application/registration documents requested can be found on the New York State Board of Elections' website here: https://elections.ny.gov/voter-registration-process. This page also includes the link to our Online Voter Registration Portal.

**11. Verification process.**

The registration verification process in New York State is described in detail in both N.Y. Election Law § 5-210 and 9 NYCRR 6217.6.

**12. Agreement with New York State's Department of Motor Vehicles (DMV).**

Please see the attached document.

**13. DMV's agreement with the Social Security Administration (SSA).**

The New York State Board of Elections is not in possession of this document. We respectfully suggest that you request it from the Social Security Administration.

**14. First time voters by mail.**

New York State is fully compliant with HAVA requirements related to first time registrants by mail. *See* N.Y. Election Law § 8-303 (initial voter identification for first-time federal voters by mail); § 8-302 (verification of voter registration generally); § 5-210 ("Registration and enrollment and change of enrollment upon application").

**15. Statewide voter registration list.**

The New York State Board of Elections is a bipartisan agency, typically requiring agreement between agency leadership of both parties to take action. Unlike the foregoing responses, we do not have a consensus view on responding to this request. Two responses, from Democratic and Republican Party counsel, respectively, are attached.

**16. Conclusion.**

If you have any further questions, please feel free to contact us in writing, as you have before. We will attempt to respond to any future requests with due promptness.

Very Truly Yours,

Brian L. Quail
Co-Counsel

Kevin G. Murphy
Co-Counsel

New York State Department of Motor Vehicles and
New York State Board of Elections

HAVV (Help America Vote Verification) Agreement

WHEREAS: In accordance with the requirements of the federal Help America Vote Act of 2002 (HAVA), the county boards of elections in New York State are collecting voter registration applications that include the last four digits of the applicant's social security number (SSN), when the applicant does not possess a New York State driver license, and are supplying this information to the New York State Board of Elections (SBOE) for inclusion in a statewide voter registration database;

AND

WHEREAS: HAVA requires that the chief State election official and the State motor vehicle authority enter into an agreement whereby the Department of Motor Vehicles (DMV) will forward information from voter registration applications received from SBOE to the Social Security Administration (SSA) through American Association of Motor Vehicle Administrators (AAMVA) for the purpose of verifying the accuracy of the information provided;

NOW, THEREFORE, it is agreed between the New York State Board of Elections (SBOE) and the Department of Motor Vehicles (DMV), as the parties in this Agreement, that:

DMV agrees to provide a service to SBOE by transmitting the last four digits of the social security number and other information submitted on a voter registration application to the SSA for purposes of verifying the information as described below:

**OVERVIEW**

SBOE will forward voter registration applicant information to DMV, which will include the last four digits of the SSN. DMV will then forward this information to AAMVA which will, forward it to the SSA. The SSA will verify the information against its Master Files of Social Security Number Holder and Applications database and will return a response code to AAMVA which will indicate the result of the attempt to match the applicant information with the database. AAMVA will return that response to DMV, and DMV will return the response to SBOE. In order to perform the above functions, it is necessary for DMV to enter into an agreement with SSA, by MOU, and a contract with AAMVA, in addition to this MOU between DMV and SBOE. DMV will follow the SSA and AAMVA standards and guidelines necessary to the working of this program.

**USER ACCOUNT AND AUTHENTICATION**

Every verification request will be authenticated by DMV. Therefore, each request must include a valid user-ID and password. SBOE will use an existing batch user-ID account that was

established by DMV for CID verification. DMV will add a new application ID for this transaction in VPASS, DMV's password maintenance system. SBOE is responsible for ensuring that the account is used only for HAVA permissible uses and that the account contains accurate and up to date user information and is otherwise maintained in accordance with DMV standards and requirements for such accounts. DMV will provide SBOE with an application for maintaining the account.

SBOE must require each county board of elections to assign an individual user-ID and the county board of elections must validate that individual user-ID before sending the verification request to SBOE for transmission to DMV. SBOE must include the county assigned user-ID with the verification request. DMV will store but will not validate the county assigned user-ID.

## FUNCTIONALITY TO BE PROVIDED

SBOE will send a request to DMV including the applicant's name, date of birth, and the last 4 digits of the individual's SSN. SBOE will format the data according to SSA specifications and DMV will pass the data to SSA via AAMVA. When the response is returned from SSA through AAMVA the response will be passed back to SBOE.

DMV will develop a web service to forward the transaction over the existing AAMVA network. Each transaction will be handled as it is received both from SBOE and from AAMVA. However, DMV has no control over SSA or AAMVA systems and cannot guarantee a response time.

DMV will support the system during normal state business hours.

DMV will not build in any retransmission logic. If the system is not available between DMV and SSA, the transaction will time out and a message will be returned to SBOE that the transaction failed.

DMV will provide a ping function for purposes of checking system availability. If SBOE wishes to check the SSA availability, SBOE must submit a dummy transaction. If the system is not available, SBOE should cease transmissions until it ascertains whether the system is available.

SBOE will submit a transaction to the DMV web service in a structure, not in an XML document.

SBOE agrees to use this web service only for the purpose of verifying voter registration information provided to a county board of elections.

SBOE acknowledges that DMV has the right to audit SBOE and to perform all necessary audit steps to ensure that this web service is being used only as authorized by this agreement. SBOE agrees to make records supporting their usage available to DMV's audit staff.

This agreement does not establish or imply any warranties for the performance of the web service, such as its availability, capacity, response time or any other terms or conditions

generally included in a Service Level Agreement. Further, information related to the specific operational procedures, guidelines and technical requirements for use of the service will be addressed in a separate specifications document.

**AMENDMENT**

This Agreement may only be modified by written mutual consent.

Both parties agree to promptly modify this Agreement as necessary to comply with any and all pertinent federal and state statutes.

Term and Termination

This MOU will continue in effect until terminated or replaced by a successor MOU

**LIMITATION OF LIABILITY**

DMV shall not be liable to SBOE and SBOE shall not be liable to DMV for any damages including, but not limited to, direct, indirect, consequential, incidental or special damages, lost savings, loss of goodwill or otherwise, or for exemplary damages in connection with the information DMV provides to SBOE pursuant to this agreement.

IN WITNESS WHEREOF the undersigned representatives:

By: _____     By: _____

For: NYS Board of Elections        For: NYS Department of Motor Vehicles

Name: Stanley L. Zalen             Name:

Title: Executive Director          Title:
       NYS Board of Elections
Date: June 22, 2006                Date:

By: _____

For: NYS Board of Elections

Name:  Peter S. Kosinski

Title:  Executive Director
        NYS Board of Elections
Date:   June 22, 2006

# Exhibit 5



Peter S. Kosinski
 Co-Chair

Anthony J. Casale
 Commissioner

Raymond J. Riley, III
 Co-Executive Director

40 NORTH PEARL STREET, SUITE 5
ALBANY, N.Y. 12207-2109
Phone: 518/474-8100   Fax: 518/486-4068
http://www.elections.ny.gov

Henry T. Berger
 Co-Chair

Essma Bagnuola
 Commissioner

Kristen Zebrowski Stavisky
 Co-Executive Director

August 29, 2025

Maureen Riordan
Acting Chief, Voting Section
Civil Rights Division
US Department of Justice
950 Pennsylvania Avenue, NW-4CON
Washington, DC  20530

Dear Ms. Riordan:

 The Democratic Commissioners of the New York State Board of Elections, like election officials in most other jurisdictions across the country, cannot approve the release of voter files containing social security numbers and Department of Motor Vehicle identification numbers. Under New York Law, no portion of the social security number or DMV number is available for public disclosure. *See* N.Y. Election Law § 3-220(1); N.Y. Public Officers' § Law 96a.

 The United States Department of Justice may request the appropriately redacted, public statewide voter registration list pursuant to New York's Freedom of Information Law. The convenient online portal and required attestation of election-related purposes with respect to the requested voter files are located here: https://elections.ny.gov/freedom-information-requests-foil. The request may be submitted via the "Submit a FOIL Request" button.

 Any request duly made will be processed in the normal course, and in full compliance with 52 USC 20507(i)(1). *See Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 56 (1st Cir. 2024) (noting federal law "does not require the disclosure of sensitive information that implicates privacy concerns..."). Moreover, federal courts have held states can redact social security numbers "in the voter registration application before public disclosure...[a]ccordingly, the proper redaction of certain personal information in the Voter File can further assuage the potential privacy risks implicated...." *Id.* And, of course, HAVA contains no disclosure or administrative document request provisions that would expand on the scope required under the NVRA. *See* 52 USC 21111.

It must be further noted that none of the authorities cited in your letters articulate a right to *unredacted* voter file information, and other federal laws prohibit its disclosure to the Department. *See, eg,* 18 USC § 2721 (b) (1) (Drivers Privacy Protection Act); 5 USC § 552 *et seq.* (requiring a System of Records Notice[1] which satisfies various procedural and substantive requirements and which would be required given the fact that, among other things, and upon information and belief, the Department of Justice has never before amalgamated unredacted voter files across multiple states, notwithstanding decades of enforcement history spanning administrations of both major political parties).

The Democratic Commissioners remain firmly committed to providing the Department of Justice any and all information necessary and proper to assess New York's compliance with federal laws. The New York State Board of Elections has a proud history of cooperation with the United States Department of Justice. To that end we are prepared upon proper request to provide the New York voter file with any portion of social security numbers and drivers' license numbers not included.

Very Truly Yours,

Brian L. Quail
Counsel

---

[1] A System of Records Notice is a public notification, required by the federal Privacy Act of 1974, that describes how a federal agency collects, stores, and maintains Personally Identifiable Information (PII) retrieved by a unique identifier. These notices are published in the Federal Register and outline the purpose of the data collection, the type of information gathered, how it's used and shared, and the process for individuals to access or amend their records.

# Exhibit 6



Peter S. Kosinski
Co-Chair

Anthony J. Casale
Commissioner

Raymond J. Riley III
Co-Executive Director

Henry T. Berger
Co-Chair

Essma Bagnuola
Commissioner

Kristen Zebrowski Stavisky
Co-Executive Director

40 NORTH PEARL STREET, SUITE 5
ALBANY, N.Y. 12207-2109
Phone: 518/474-8100    Fax: 518/486-4068
http://www.elections.ny.gov

August 29, 2025

Maureen Riordan
Acting Chief, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave, NW – 4CON
Washington, DC 20530

Dear Ms. Riordan:

As stated in our previous agency response, the New York State Board of Elections is a bipartisan agency, typically requiring agreement between agency leadership of both parties to take official action. We do not have a consensus view on an agency response to your request for a complete statewide voter registration list, including driver's license numbers and the last four digits of Social Security numbers. As such, this letter serves as the Republican staff position.

We maintain that the information requested relating to the statewide voter registration list can and should be provided in its entirety, with an understanding that all personal identifying information contained within any version of this list be protected from public disclosure under all relevant provisions of both New York State and federal law.

The U.S. Department of Justice, in our view, has inherent authority to review an individual state's voter registration list as the federal agency tasked with enforcement of both HAVA and the NVRA. Both programs touch upon numerous critical components of the voter registration process, with HAVA, in particular, creating mandatory minimum standards for individual states relating to statewide voter registration lists.

While N.Y. Election Law § 3-220(1) does explicitly state that "a voter's driver's license number, department of motor vehicle non-driver photo ID number, social security number and facsimile number shall not be released for public inspection," we suggest that relying on this provision (1) ignores the major distinction between a Social Security Number and the last four digits thereof; and (2) perhaps more importantly, equates the DOJ request with one made under the Freedom of Information Law by a member of the public.

As we do not have consensus as an agency to provide the information requested, we are unable to fulfill these requests at this time.

A statewide voter registration list that includes neither driver's license numbers nor any portion of Social Security numbers will be provided in response to a FOIL request filed with our agency through our GovQA online FOIL Request Portal, which can be found at https://electionsny.govqa.us/WEBAPP/_rs/. We believe that this is in line with the Democratic staff position.

Please do not hesitate to contact our office if you have any further questions or require additional information.

Very truly yours,

Kevin G. Murphy
Co-Counsel

# Exhibit 7

# MEMORANDUM OF UNDERSTANDING

The following memorandum of understanding ("MOU") is entered into by and between the United States Department of Justice ("DOJ") and Secretary of State Phil Wilson, acting in his official capacity as the Secretary of State ("SOS") of the State of Texas.

WHEREAS, in the absence of this MOU, DOJ would, pursuant to 42 U.S.C. §§ 1974b and 1974d, seek to compel the production of the current Texas voter registration list, including, *inter alia*, voters' driver license numbers, social security numbers, and other personal information, from the SOS in order to assess compliance by the State of Texas with the procedures for voter registration at motor vehicle licensing and other state agencies, as well as the list maintenance provisions of the National Voter Registration Act ("NVRA"), 42 U.S.C. § 1973gg *et seq.*; and

WHEREAS, Texas law, specifically TEX. ELEC. CODE §§ 13.004(c); 18.066(b), provides that information, including social security numbers and driver license numbers, furnished on a voter registration application is confidential and is not subject to public disclosure under the Texas Public Information Act, TEX. GOVT. CODE chapter 552; and

WHEREAS, the SOS has an interest, duty and desire to ensure compliance with these and other statutory provisions that are intended to protect the privacy of Texas residents; and

WHEREAS, DOJ and SOS acknowledge that DOJ is entitled to receive and that SOS is required to provide the requested information under the relevant statutes and pursuant to the Supremacy Clause of the United States Constitution; and

WHEREAS, neither DOJ nor the SOS consider DOJ's request under 42 U.S.C. § 1974b to be a request for public information for purposes of the Texas Public Information Act; and

WHEREAS, neither DOJ nor the SOS consider SOS's compliance with this request to be a release of public information to a member of the public for purposes of Tex. Elec. Code § 13.004(c), Tex. Elec. Code § 18.066(b) or the Texas Public Information Act; and

WHEREAS DOJ and SOS are desirous of resolving this matter without the need for litigation which, in the absence of this MOU, both DOJ and the SOS believe would be imminent;

ACCORDINGLY, DOJ and SOS have engaged in good faith negotiations and have agreed to the terms of this Memorandum of Understanding, as follows:

1.     SOS shall immediately make available to DOJ the full statewide voter registration list including, where available, the following information: each registered voters' full name, address, full date of birth, social security number, driver license number, race, voter status (*i.e.*, active or inactive), and voting history. SOS shall produce such data in electronic format on a CD-ROM or DVD formatted in consultation and full agreement with DOJ.

1

2.    DOJ shall use the voter registration list information to assess the State's compliance with the federal voting laws, including, but not limited to, the NVRA.

3.    Pursuant to 42 U.S.C. § 1974c, unless otherwise ordered by a court of the United States, neither the Attorney General, nor any employee of DOJ, nor any other representative of the Attorney General, shall disclose any record or paper produced pursuant to 42 U.S.C. § 1974, or any reproduction or copy, except to Congress and any committee thereof, or in the presentation of any case or proceeding before any court or grand jury; provided, however, that in the event that DOJ receives a request to provide or disclose this information to anyone outside of DOJ, then DOJ will make reasonable efforts to inform the SOS of this request, and provide SOS with the opportunity to take whatever action SOS considers necessary to ensure that this information remains confidential and is not disclosed to the public.

4.    The DOJ shall retain exclusive possession and control over any and all voter registration records and information during the term of its use of the information, and shall then destroy the records and information pursuant to appropriate and approved DOJ procedures for destruction of sensitive data.

IN WITNESS WHEREOF, the parties have executed this MOU as of the date set forth below. Each party represents that its respective signatory is duly authorized to execute this MOU on its behalf.

FOR THE OFFICE OF THE TEXAS SECRETARY OF STATE

Date: 5/7/08

By:    The Honorable Phil Wilson
Title:    Texas' Secretary of State

FOR THE DEPARTMENT OF JUSTICE:

Date: 5/13/08

CHRISTOPHER COATES
Acting Chief
ROBERT POPPER
Acting Deputy Chief
AMANDA E. GREGORY
STEVEN WRIGHT
Trial Attorneys
Voting Section; Civil Rights Division
U.S. Department of Justice
Room 7254NWB
950 Pennsylvania Avenue
Washington, D.C.  20530
(202) 616-4227 (phone)
(202) 307-3961 (facsimile)
Attorneys for United States of America

2

# Exhibit 8

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U S D C   Atlanta

OCT 1 2 2006

JAMES N. HATTEN, Clerk
By: _Krijckruej_ Deputy Clerk

| | |
|---|---|
| The UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| The STATE of GEORGIA; and ) | **1 06 C V 2442** |
| CATHY COX, Secretary of State, ) | |
| in her official capacity, ) | **CC** |
| ) | |
| Defendants. ) | |

## COMPLAINT

The plaintiffs UNITED STATES OF AMERICA herein, alleges:

1.    The United States hereby files this action on behalf of the United

States of America to enforce the requirements of the Civil Rights Act of 1960, 42

U.S.C. § 1974 *et seq*. ("CRA"), with respect to the production of voter registration

data for federal office in the State of Georgia.  42 U.S.C. §§1974 and 1974b.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§

1331 and 1345, and 42 U.S.C. § 1974d.

3.      Venue for this action is proper in the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 90 and 1391(b).

## PARTIES

4.      Plaintiff the UNITED STATES OF AMERICA seeks to compel production of records pursuant to 42 U.S.C. §§ 1974b and 1974d, which authorize the Attorney General of the United States to bring suit when a jurisdiction fails to maintain and/or make available all records and papers relating to voter registration for federal elections.

5.      Defendant STATE of GEORGIA is a State of the United States of America and is subject to the requirements of 42 U.S.C. § 1974.

6.      Defendant CATHY COX is the Secretary of State and the chief State elections official for the defendant STATE of GEORGIA and is responsible for custody and maintenance of voter registration records for all persons eligible to vote under State law.  O.C.G.A. § 21-2-210; 42 U.S.C. § 1974e.

## CLAIM FOR RELIEF

7.      Under Section 1974, every officer of election shall retain and

2

preserve, for a period of twenty-two (22) months from the date of any federal election, all records and papers relating to voter registration.  42 U.S.C. § 1974.

8.    Any record or paper required to be retained and preserved under 42 U.S.C. § 1974, upon written demand by the Attorney General or his representatives, must be made available to the Attorney General or his representatives for inspection, reproduction and copying.  42 U.S.C. § 1974b.

9.    On July 11, 2006, attorneys for the Department of Justice ("Department"), representatives of the Attorney General, sent a letter ("demand letter"), pursuant to 42 U.S.C. § 1974b, to the Deputy Attorney General of Georgia, Counsel for the Secretary of State, formally demanding, among other things, the current Georgia voter registration list including the voters' social security numbers, and providing a basis for that demand, specifically to assess compliance by the State with the procedures for voter registration at motor vehicle licensing and other State agencies, as well as the list maintenance provisions of the National Voter Registration Act, 42 U.S.C. § 1973gg *et seq.*  ("NVRA").

10.    The July 11, 2006, demand letter requested the voter registration list including the full social security number for each voter regularly maintained by

3

the State as part of voter registration.

11.    The State has declined to provide the records absent an Order from a

Court of the United States in light of a State statute limiting access to such

records. O.C.G.A. § 21-2-225. This statute is superseded, however, by the relevant

federal statute.  See 42 U.S.C. § 1974b; U.S. CONST. art VI, cl.2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the UNITED STATES OF AMERICA prays for an order:

1.    Declaring that Defendants are in violation of 42 U.S.C. § 1974b with

respect to the production of voter registration data, which they are required to

provide upon demand in writing to the Attorney General;

2.    Compelling Defendants to immediately make available for inspection,

reproduction and copying, the requested voter registration records, in electronic

format pursuant to 42 U.S.C. § 1974b.

3.    Plaintiff further prays that this Court order such relief as the interest

of justice may require, together with the costs and disbursements of this action.

Dated: October _10_ , 2006.

4

Respectfully submitted,

By:

DAVID E. NAHMIAS
United States Attorney

SHARON D. STOKES
GA Bar No. 227475
Assistant U.S. Attorney

ALBERTO R. GONZALES
Attorney General

WAN J. KIM
Assistant Attorney General
Civil Rights Division

JOHN TANNER
DC Bar No. 318873
Chief, Voting Section

ROBERT D. POPPER
NY Bar No. 2357275
Special Litigation Counsel
CHRISTY A. McCORMICK
VA Bar No. 44328
NICOLE S. MARRONE
PA Bar No. 89863
Trial Attorneys
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: 202-305-0526
Facsimile: 202-307-3961

# Exhibit 9

RECEIVED IN CLERK'S OFFICE
U.S.D.C.  Atlanta

OCT 1 2 2006

JAMES N. HATTEN, Clerk
By: ꞌ𝘧𝘧𝘪𝘯𝘤𝘩  Deputy Clerk

ORIGINAL
FILED IN CLERK'S OFFICE
U.S.D.C.  Atlanta

OCT 2 7 2006

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

The UNITED STATES OF AMERICA    )
                                )
            Plaintiff,          )
                                )    Civil Action No.
        v.                      )
                                )    06 C V 24 42
The STATE of GEORGIA; and       )
CATHY COX, Secretary of State,  )
in her official capacity,       )
                                )
            Defendants.         )
_____)



## CONSENT JUDGMENT AND DECREE

The United Stated filed the Complaint in this action on this date

pursuant to 42 U.S.C. §§ 1974b and 1974d, which authorize the Attorney

General of the United States to bring suit when a jurisdiction fails to

maintain and/or make available all records and papers relating to voter

registration for federal elections.  The Attorney General alleges that the

defendants violated 42 U.S.C. § 1974b by failing to make available upon

written demand the Georgia voter registration list with any social security

numbers collected by the state for voter registration purposes, for inspection,

reproduction and copying.   The defendants seek a declaration authorizing

such inspection, reproduction and copying from a Court of the United States.

The parties are desirous of resolving this matter without the need for

litigation.  Accordingly, they have engaged in good faith negotiations and

have agreed to the terms of this Consent Judgment and Decree as an

appropriate resolution of all claims alleged in this litigation.

This Court has jurisdiction over the parties and the subject matter of

this litigation.  This agreement is final and binding between the parties, their

successors in office, and their agents regarding the claims raised in this

action.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED

that:

1. Defendants are enjoined to take the actions specified below to

comply with 42 U.S.C. § 1974b and to make available to the United States

all records and papers relating to voter registration for federal elections,

specifically the State's voter registration list, including Social Security

numbers that the State has collected for voter registration purposes.

2

## PROVISION OF INFORMATION BY THE STATE

2. Defendants shall immediately make available to the United States the full statewide voter registration list including each registered voters' full name, address, birth date and all additional voter identification information, including social security numbers or drivers license numbers as collected by the State for voter application and registration purposes. The State shall produce such data in electronic format on a CD-ROM or DVD formatted in consultation and full agreement with the United States.

## SCOPE OF USE OF INFORMATION

3. The United States shall use the voter registration list information to assess the state's compliance with the federal voting laws, including, but not limited to, the National Voter Registration Act, 42 U.S.C. §1973gg *et seq.* ("NVRA") and the Help America Vote Act of 2002, 42 U.S.C. § 15301 *et seq.* ( "HAVA").

4. Pursuant to 42 U.S.C. § 1974c, unless otherwise ordered by a court of the United States, neither the Attorney General, nor any employee of the Department of Justice, nor any other representative of the Attorney General, shall disclose any record or paper produced pursuant to 42 U.S.C. § 1974, or

any reproduction or copy, except to Congress and any committee thereof, or in the presentation of any case or proceeding before any court or grand jury.

5. The United States shall retain any and all records concerning the subject matter of this Decree during the term of its use of the information, and shall then destroy the information and any copies pursuant to appropriate and approved Department of Justice procedures for destruction of sensitive data.

6. In the event that the United States identifies information indicating an issue as to compliance with federal law, the United States agrees to provide the State with such information as is necessary and appropriate to offer an opportunity to address and correct such issue. Provision of such information will not be deemed to waive any attorney-client or attorney work product privileges. Plaintiff retains the right to take legal redress at any time, if necessary, to compel the State and/or the Secretary of State to comply with federal law.

7. Any notices sent by the respective parties pursuant to provisions of this Decree shall be sent to:

For the United States:

John K. Tanner
Chief, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Room 7254-NWB
Washington, D.C. 20530
Phone: (800) 253-3931
Fax: (202) 307-3961
Email: robert.popper@usdoj.gov
Email: christy.mccormick@usdoj.gov
Email: nicole.marrone@usdoj.gov

For the Defendants:

Dennis R. Dunn, Esq.
Deputy Attorney General
Department of Law
State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334
Phone: (404) 656-5614
Fax: (404) 657-9932
Dennis.Dunn@LAW.State.GA.US


The provisions of this Decree shall expire on December 31, 2009. The

Court retains jurisdiction of this action to enforce the terms of this Decree

during the effective period of this Decree.

Entered this 27th day of October, 2006.

Clarence Cooper
JUDGE

Approved as to form and content:

**For the Plaintiff, United States of America:**

ALBERTO R. GONZALES
Attorney General

DAVID E. NAHMIAS                WAN J. KIM
United States Attorney          Assistant Attorney General
                                Civil Rights Division


SHARON D. STOKES                JOHN TANNER
GA Bar No. 227475               DC Bar No. 318873
Assistant U.S. Attorney         Chief, Voting Section


                                ROBERT D. POPPER
                                NY Bar No. 2357275
                                Special Litigation Counsel
                                CHRISTY A. McCORMICK
                                VA Bar No. 44328
                                NICOLE S. MARRONE
                                PA Bar No. 89863
                                Trial Attorneys
                                Civil Rights Division
                                U.S. Department of Justice
                                Room 7254-NWB
                                950 Pennsylvania Avenue, NW
                                Washington, DC 20530
                                Telephone: 202-305-0526
                                Facsimile: 202-307-3961

For the Defendants, the State of
Georgia and Cathy Cox,
Secretary of State,
in her official capacity::

Thurbert E. Baker
Attorney General
State of Georgia

Dennis R. Dunn
Deputy Attorney General
State of Georgia
Department of Law
40 Capitol Square SW
Atlanta, GA 30334
Telephone:  404-656-5614
Facsimile: 404-657-9932