**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| *v.* | Case No. 1:25-cv-01338-MAD-PJE |
| BOARD OF ELECTIONS OF THE STATE OF NEW YORK, et al., | |
| *Defendants*. | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Proposed Intervenors the National Association for the Advancement of Colored People and the NAACP New York State Conference ("NAACP Intervenors") respectfully provide the Court notice of supplemental authority supporting their pending proposed motion to dismiss. *See* Dkt. No. 77. On April 28, a federal district court in Arizona dismissed DOJ's parallel suit seeking Arizona's unredacted statewide voter registration list. *See generally United States v. Fontes*, No. 2:26-cv-00066-PHX-SMB, 2026 WL 1145626 (D. Ariz. Apr. 28, 2026). Like every other court to reach the issue, the court first determined that the Federal Rules of Civil Procedure govern DOJ's suits, which are thus subject to Rule 12(b)(6) motions to dismiss. *See id.* at *1 & n.1; *see also* Dkt. No. 89 at 3–9; *contra* Dkt. No. 81-1 at 8–10.

Next, adopting the logic of the Michigan district court's decision in *Benson*, the Arizona district court dismissed DOJ's single-count complaint under the Civil Rights Act of 1960 ("CRA") on the basis that the State's voter registration list is not a record or paper subject to Title III of the CRA. *See Fontes*, 2026 WL 1145626, at *3–5 (citing *United States v. Benson*, No. 1:25-cv-01148, 2026 WL 362789, at *9 (W.D. Mich. Feb. 10, 2026)). Specifically, the court held a statewide voter registration list does not "come into [the] possession" of state election officials, as that phrase is

used in the CRA, because it refers to records and papers that election officials receive from external sources, like voters. *Id.* at *3–4 (quoting 52 U.S.C. § 20701); *see also* Dkt. No. 77-1 at 15–18 (NAACP Intervenors advancing this argument). The district court noted that, in contrast, a voter registration list is an internal record created by the State itself. *See Fontes*, 2026 WL 1145626, at *3–4. The court further explained that its interpretation was reinforced by the NVRA and HAVA. *See id.* at *4–5. For example, the court highlighted that the CRA makes election officials criminally liable for altering election records; the precise opposite of the continuous list maintenance required by the NVRA and HAVA. *See id.*; *see also* 52 U.S.C. § 21083(a)(2)(A) (requiring States to perform list maintenance "on a regular basis").

Six district courts have now dismissed DOJ's complaints in these matters, and not one has found DOJ to have stated a valid claim. These decisions support NAACP Intervenors' arguments that DOJ's complaint must be dismissed as a matter of law. *See* Dkt. Nos. 77-1, 89.

Respectfully submitted,

Andrew G. Celli, Jr. (Bar No. 105255)
Katherine Rosenfeld (Bar No. 511795)
Daniel M. Eisenberg (Bar No. 706811)
**EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP**
One Rockefeller Plaza, 8th Floor
New York, NY 10020
T: (212) 763-5000
F: (212) 763-5001
acelli@ecbawm.com
krosenfeld@ecbawm.com
deisenberg@ecbawm.com

Dated: April 30, 2026

/s/ *Aria C. Branch*
Aria C. Branch*
Christopher D. Dodge*
Tina Meng Morrison*
Omeed Alerasool*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 968-4498
abranch@elias.law
cdodge@elias.law
tmengmorrison@elias.law
oalerasool@elias.law

* Application *pro hac vice* and Motion for
Limited Admission granted

*Counsel for Proposed Intervenors the National Association for the Advancement of Colored
People and the NAACP New York State Conference*