**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**SYRACUSE DIVISION**

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>BOARD OF ELECTIONS OF THE STATE OF NEW YORK; KRISTEN ZEBROWSKI STAVISKY and RAYMOND RILEY, III, in their official capacities as Co-Executive Directors of the Board of Elections of the State of New York; PETER KOSINSKI, HENRY BERGER, ANTHONY CASALE, and ESSMA BAGNUOLA, in their official capacities as Commissioners of the Board of Elections of the State of New York; and the STATE OF NEW YORK,<br><br>      Defendants. | No. 1:25-CV-1338 (MAD/PJE) |

**UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States respectfully submits this Notice of Supplemental Authority in support of its Cross-Motion to Compel Production of Federal Election Records Pursuant to 52 U.S.C. § 20701, *et seq.* (ECF 81).

On May 12, 2026, the Department of Justice Office of Legal Counsel (OLC) published an opinion that is relevant to this matter. *See* Authority to Obtain and Share Statewide Voter Roll Data, 50 Op. O.L.C. ___ (May 12, 2026) (slip op., attached hereto as Ex. 1). In that opinion, OLC concluded that the Civil Rights Act (CRA) authorizes the Attorney General to compel States to

1

produce unredacted statewide voter registration lists (SVRLs), and that once produced, the Department of Justice (DOJ) may share that data with components within the Department of Homeland Security (DHS). *See id.* at 6, 34. The CRA covers SVRLs because such lists relate to voter registration and come into the possession of state election officers. *Id.* at 7. Analyzing dictionaries, case law, statutes, the CRA, and "common sense," OLC points out that "it is not unusual to say that one comes into possession of a thing that one created oneself;" "the phrase does not carry a requirement that the thing is received from a third party." *Id.* at 8-9. And because "[t]he ordinary meaning of the term 'relating to,'" is "broad," *id.* at 7 (brackets in original; citation omitted), "[a] State's [SVRL] is perhaps the archetypical example of a 'record' that 'relat[es]' to voter 'registration.'" *Id.* (quoting 52 U.S.C. § 20701).

Additionally, OLC concludes that NVRA and HAVA enforcement is a proper purpose for a CRA request, both because the CRA's text does not limit requests to particular purposes and because the NVRA and HAVA are voting-rights legislation. *Id.* at 15-19. Any later-arising secondary purpose does not alter this conclusion. *Id.* at 20-21. The statement-of-basis requirement is also "fairly minimal." *Id.* at 21. As a whole, the purpose-and-basis requirement is satisfied when the Attorney General "tell[s] a state what he is looking for and a high-level explanation as to why." *Id.* at 23.

The OLC opinion also thoroughly explains the requirements of various federal privacy statutes and why they are satisfied here based on the Civil Rights Division's current rules and procedures. Each privacy statute contains an applicable exception, is already being complied with, or does not apply at all. *Id.* at 23-33. And because the Privacy Act contains exceptions for law enforcement and routine use, the Attorney General may share the SVRL with appropriate

components within DHS and remain in full compliance with that Act and other statutes related to

data security and maintenance. *Id.* at 34-36.

Dated: May 15, 2026                               Respectfully submitted,


JOHN A. SARCONE III                               HARMEET K. DHILLON
First Assistant United States Attorney            Assistant Attorney General
Northern District of New York                     Civil Rights Division

                                                  JESUS A. OSETE
                                                  Principal Deputy Assistant Attorney General
                                                  Civil Rights Division

                                                  ERIC V. NEFF
                                                  Acting Chief, Voting Section
                                                  Civil Rights Division

                                                  GREGORY DOLIN
                                                  Counsel
                                                  Civil Rights Division

                                                  */s/ James Thomas Tucker*
                                                  JAMES THOMAS TUCKER
                                                  Trial Attorney, Voting Section
                                                  U.S. Department of Justice
                                                  4 Constitution Square
                                                  150 M Street NE, Room 8.923
                                                  Washington, D.C. 20002
                                                  Telephone: (202) 598-9232
                                                  Email: james.t.tucker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ James Thomas Tucker*
James Thomas Tucker

4