

**HARRIS BEACH MURTHA**
ATTORNEYS AT LAW

677 Broadway, Suite 1101
Albany, New York 12207
518.427.9700

**Elliot A. Hallak**
Member
Direct:    518.701.2748
Fax:    518.427.0235
ehallak@harrisbeachmurtha.com

May 18, 2026

**VIA ECF**

Hon. Mae A. D'Agostino
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

RE:    *United States v. Board of Elections of the State of New York, et al.*, Case No:
        1:25-cv-1338 (MAD/PJE)
        Response to Plaintiff's Notice of Supplemental Authority

Dear Judge D'Agostino:

We are counsel to Defendants the Board of Elections of the State of New York, Co-Executive Director Kristen Zebrowski Stavisky, and Commissioners Henry Berger and Essma Bagnuola (collectively, the "Commissioners"). We write in response to the Notice of Supplemental Authority filed by Plaintiff on May 15, 2026 (ECF No. 97) (the "Notice") in connection with the Defendants'/Intervenors' pending motions to dismiss.

The Notice informs the Court not of a relevant judicial decision, but rather to a May 12, 2026, opinion prepared by the Office of Legal Counsel ("OLC"), an office within the Department of Justice ("DOJ") (ECF No. 97-1) (the "OLC Opinion"). The Notice is tantamount to an unauthorized sur-reply brief and should be rejected by the Court as violative of the Local Civil Rule 7.1(a)(1) and Rule 2(C)(iv) of the Court's Individual Rules and Practices.

In addition to being procedurally improper, it is a thinly veiled attempt by Plaintiff to effectively decide its own case. The Notice's timing and content strongly suggest that the OLC Opinion was solicited and prepared specifically so it could be filed in this case and parallel actions in other jurisdictions. The preface to the OLC Opinion reveals that OLC provided advice to the Civil Rights Division ("CRD") "informally" "[i]n early September 2025," yet did not "memorialize" its opinion until May 12, 2026 upon CRD's "subsequent request." OLC Opinion, at 1. Moreover, the 41-page OLC Opinion is drafted like a legal brief to respond to specific arguments raised by parties in this action and the parallel litigations. *See, e.g.*, *id.* at 7 n.7, 8 n.9, 16 (addressing "[o]ne counterargument"), 22 (responding to "one counterargument we have seen"), 28 (addressing a "counterargument"), 33 ("One could argue . . . "). The Court need not give deference to even ordinary-course agency opinions, *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024), and OLC's views here amount to a regurgitation or enhancement of Plaintiff's legal argument. The Court should therefore give the OLC Opinion no weight.

May 18, 2026
Page 2

In any event, the content of the OLC Opinion does not help Plaintiff. In fact, among other things, it confirms the validity of the Commissioners' argument that Plaintiff's demand for New York's unredacted voter lists was made for an improper purpose. Indeed, the opinion reveals that "[CRD] has proposed to share these lists with [Homeland Security Investigations] or another unit within [the Department of Homeland Security], which would enable cross-referencing the lists against existing databases in order to identify illegal aliens who are ineligible to vote." OLC Opinion, at 5; *see also id.* at 20 (describing this as merely a "secondary purpose"), 29 (describing, in detail, how DOJ intends to use unredacted voter registration lists to achieve this purpose); Commissioners' Opening Mem. at 11-12 (ECF No. 76-6), Commissioners' Reply Mem. at 9-10, 21-23 (ECF No. 87).

We thank the Court for its consideration in this matter.

Respectfully,

*/s/ Elliot A. Hallak*

Elliot A. Hallak

Cc: Counsel of record (via ECF)